LOUIS WEINER, DOING BUSINESS AS LOUIS WEINER REAL
ESTATE CO., ET AL., APPELLANTS, V. STATE REAL ESTATE
COMMISSION OF THE STATE OF NEBRASKA, APPELLEE.
171 N. W. 2d 783

Filed November 7, 1969.   No. 37330.

Lyle B. Gill, for appellants.

Clarence A. H. Meyer, Attorney General, Robert A.
Nelson, and Robert H. Petersen, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH,
SMITH, McCOWN, and NEWTON, JJ.

SPENCER, J.

This is an appeal from the district court for Douglas
County, Nebraska, which after a trial de novo entered
a judgment affirming the order of the Nebraska State
Real Estate Commission revoking the real estate broker's
license and the real estate salesman's license of Louis
Weiner and Robert L. Solomon respectively.

Appellants predicated error on the contention that the
proceedings were void because of alleged violations of
sections 81-864, 81-884, and 84-909, R. R. S. 1943.   The
investigation herein was made by one Robert H. Petersen
who is the local Omaha counsel for the Nebraska State
Real Estate Commission, hereinafter referred to as com-
mission.   He is also legal counsel for the Omaha Real
Estate Board.

Section 81-864, R. R. S. 1943, so far as material herein, provides in part: "The commission shall employ a director who shall keep a record of all the proceedings, * * *. Neither the director nor any employee of the commission may be an officer or paid employee of any real estate association or group of real estate dealers or brokers." Appellants contend Mr. Petersen was an employee of both groups and the proceedings based upon his activities are void. Mr. Petersen was not an employee or officer of either group. He was retained as counsel for both and served as an independent contractor rather than as an employee. He maintains a private law practice in Douglas County and the only control exercised over him by either group is the normal one in an attorney-client relationship. While we fail to see the relevance herein, we hold that Mr. Petersen is not an employee within the ambit of section 81-864, R. R. S. 1943.

Appellants further urge that the director of the commission violated section 81-864, R. R. S. 1943, because the action taken to revoke appellants' licenses was not recorded in the commission's minutes. There is no requirement that it be so included. The proceedings were all a part of the commission's records. The hearing was recorded by an official court reporter and the transcript is a part of the record herein. The certified copy of the commission proceedings, received as an exhibit herein, includes the order of revocation which recites in detail portions of the evidence and the findings thereon subscribed by the members of the commission. This is a sufficient record of the official acts of the commission.

Appellants further complain that the commission made no findings of fact as required by section 81-884, R. R. S. 1943, after its hearing on the revocation. We determine that the commission made detailed findings as recited above.

Appellants further contend the proceedings are a nullity because of the failure of the commission to comply with section 84-909, R. R. S. 1943, providing for

the adoption of rules and regulations governing all formal and informal procedures of the commission's hearings. The commission has filed rules and regulations, but they did not specifically detail the procedure to be followed in the determination of contested cases. However, sections 81-882 through 81-884.01, R. R. S. 1943, set out in detail the notice, hearing, and trial provisions in contested cases, and section 84-914, R. S. Supp., 1967, details evidentiary and trial procedures for all administrative agencies. The commission is not required to set out statutory provisions in its rules and regulations. There can be no question but that any due process of law requirements have been fully satisfied herein. Section 84-909, R. R. S. 1943, is only applicable to those procedures which have not been specifically covered by statute.

Appellants' final assignment of error is premised on their contention that their conduct was not detrimental to any person and they were not given an opportunity to rectify it after discovery. We find it difficult to understand appellants' argument. We do understand the suggested inference that by overcharging they might have been doing their clients a favor by keeping their assets within the maximum limit for public housing. Clearly, their clients did not receive the amount they should have received under the signed sales contract. Admittedly, appellants made charges for expense which was not incurred. Admittedly, they did not give credit for a $100 cash payment made by the purchasers. Obviously, they charged a larger commission than that called for in the listing agreement. Definitely, their dealings in this transaction clearly violate the provisions of section 81-881, R. R. S. 1943, and their licenses should have been and were properly revoked.

The judgment of the trial court is affirmed.

AFFIRMED.