STATE EX REL. CLARENCE A. H. MEYER, ATTORNEY GENERAL, APPELLEE, V. MICHAEL J. EYEN, APPELLANT.

172 N. W. 2d 617

Filed December 5, 1969. No. 37285.

Shrout, Linquist, Caporale, Brodkey & Nestle, for appellant.

Clarence A. H. Meyer, Attorney General, and Bernard L. Packett, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SPENCER, J.

This action for the revocation of the license of defendant, Michael J. Eyen, to practice dentistry in Nebraska originated before the Director of the Department of Health of the State of Nebraska. On appeal, the district court found the evidence sufficient to sustain the order of revocation of the Director of Health.

In accordance with Rule 8 a 2 (3), Revised Rules of the Supreme Court, 1967, we consider only the assignments of error specifically set out in defendant's brief. They are as follows: "I. The Court erred as follows:

in sustaining the Order of Revocation, by the Director of Health of the State of Nebraska, of License No. 2536 to practice Dentistry.

"II. The Court erred in not admitting into evidence Exhibits 9, 10 and 11.

"III. The Court erred in not admitting the testimony of Josephine Eyen and that of Anne Eyen."

Defendant pled nolo contendere to an information charging the felony offense of assault with intent to inflict great bodily harm. The offense involved the throwing of acid on the victim. On May 24, 1962, defendant was sentenced to confinement in the Nebraska State Penitentiary for a period of 4 years. On May 29, 1962, the present action for revocation was filed before the Director of Health. Defendant was served with notice at the penitentiary. He did not personally appear at hearings held June 15, 1962, and August 30, 1962, but was represented by counsel. The order of revocation was entered September 5, 1962. The appeal to the district court was heard in November 1968.

Section 71-147, R. R. S. 1943, provides, so far as material herein: "A license to practice a profession may be revoked or suspended when the licensee is guilty of any of the following acts or offenses: * * * (2) immoral, unprofessional or dishonorable conduct; * * * (4) conviction of a felony; * * *."

The defendant does not challenge the jurisdiction of the Director of Health, nor does he contend that the evidence adduced was insufficient under the circumstances to sustain a revocation. He does, however, urge that the wording of the statute provides permissive rather than mandatory revocation or suspension, and that in his case revocation is too severe. We agree the use of the word "may" makes the statute permissive or discretionary in this instance, but we do not accept defendant's conclusion.

An order of revocation of a license to practice a profession will not ordinarily be disturbed in the absence

of an abuse of discretion. There has been no abuse of discretion herein. Defendant was convicted of a serious criminal act. To hold that the order of revocation was an abuse of discretion would be to emasculate the statute.

Defendant attempts to impeach his conviction by now denying his guilt and by producing affidavits of an accomplice that he testified falsely in the criminal prosecution, and of the victim that he wished to retract the statement that there was any sexual relationship between him and the defendant. The accomplice at the time of the execution of the affidavit was a fellow inmate. These affidavits were properly excluded. It is not possible to reverse a criminal conviction in an administrative proceeding. The conviction of a felony cannot be collaterally attacked in a proceeding before the Director of Health for revocation of a license to practice a profession.

Defendant concedes that he understood the effect of a nolo contendere plea. To use his words: "I understood what a no contest charge would involve." He now contends that his attorney, who is deceased, assured him that the worst he would get was a "bench parole." Defendant's attorney was a very able and reputable lawyer, and it strains the bounds of credulity to believe that he would have given defendant such assurance in view of the nature of the case, but assuming it was so, it could have no effect herein. We are more inclined to believe that the reason for the nolo contendere plea is to be inferred from the affidavit of the victim, offered by the defendant and excluded by the trial court.

Assignment of error No. 3 refers to exclusion of certain testimony of defendant's mother and sister. The offer of proof is substantially that if they had been permitted to testify they would have said that immediately after the sentencing defendant's attorney said he was surprised, and that he thought it would be a "bench parole." This testimony was immaterial and was property excluded.

The record on defendant's plea is in evidence. The following is pertinent: "MR. DOUGLAS: Has it been explained to you in the event you enter a plea of Guilty, Mr. Eyen, to the Information as charged, you will be admitting the facts contained therein and you will not be entitled to a trial by jury and it will merely be up to this Court to determine the disposition of this case; do you understand that? THE DEFENDANT: Yes. * * * MR. DOUGLAS: I would like to ask the defendant a few questions: Have there been any threats by anyone to have you enter this plea of Nolo Contendere? THE DEFENDANT: No, sir. MR. DOUGLAS: Have there been any promises by anyone in law enforcement to have you enter this plea of Nolo Contendere? THE DEFENDANT: No, sir. MR. DOUGLAS: Are you pleading Nolo Contendere after you have had an opportunity to discuss this matter with your attorney Mr. Devoe? THE DEFENDANT: Yes. MR. DOUGLAS: And are you pleading Nolo Contendere freely and voluntarily? THE DEFENDANT: Yes, sir."

Defendant's testimony on cross-examination herein is also revealing. It is as follows: "Q. That isn't what I am asking. I am asking you if you understood that you could be sentenced to the Penitentiary if you were found guilty of this charge against you? A. Yes, I believe I understood that. Q. And there was certainly no guarantee you would get probation, is that true? A. No, there was no guarantee."

While defendant did not assign violation of due process as error herein, he does suggest that issue in his argument. In passing, we observe that he concedes he had personal notice of the revocation hearing and that he was represented by counsel at the hearing. He also concedes he was told arrangements could be made for his appearance at the hearing, but that he never got there.

We find no merit in any of defendant's assignments of error. The judgment is affirmed.

AFFIRMED.