L. J. DUROUSSEAU, APPELLANT, v. NEBRASKA STATE RACING COMMISSION ET AL., APPELLEES.

231 N. W. 2d 566

Filed July 10, 1975. No. 39874.

Nelson, Harding, Marchetti, Leonard & Tate, Kermit A. Brashear, II, and Thomas J. Graham, Jr., for appellant.

Edmund D. McEachen and Thomas E. Johnson of Baird, Holm, McEachen, Pedersen, Hamann & Haggart, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

McCOWN, J.

This is an appeal from a decree of the District Court for Douglas County, Nebraska, affirming an order of the Nebraska State Racing Commission revoking the jockey license of the appellant, L. J. Durousseau.

The appellant, L. J. Durousseau, is a professional race horse jockey who held a jockey license issued by the Nebraska State Racing Commission. In May 1974, he was riding as a jockey in a scheduled race meeting at Ak-Sar-Ben track in Omaha, Nebraska. At that time rule 18.19 of the Nebraska Rules of Racing, 1970, had been duly adopted, published, and filed, and was in full force and effect. "No electrical or mechanical device or other expedient designed to increase or decrease the speed of a horse, (or that would tend so to do) other than the ordinary whip, shall be possessed by any one or applied by any one to a horse at any time on the grounds of an Association, during a Meeting whether in a race or otherwise."

On May 9, 1974, after appellant had mounted his horse for the eighth race, he was ordered to dismount. Several witnesses observed him drop an object to the ground. The object was picked up and identified as an electrical device, possession of which was prohibited by rule 18.19. On May 10, 1974, the board of stewards for the race track held an informal hearing and issued a ruling suspending the appellant for the balance of the Ak-Sar-Ben racing season. On the same day, appellant applied to the District Court for Douglas County and was granted a temporary restraining order permitting him to continue riding at Ak-Sar-Ben. On May 14, 1974, the appellant filed an appeal from the ruling of

the board of stewards under rule 7.01 of the Nebraska Rules of Racing, 1970. That rule contained only skeletal provisions for practice and procedure. The commission set a hearing on the appeal for May 21, 1974, and at the beginning of the hearing appellant's counsel objected to the entire proceeding upon the ground that the commission and the board of stewards lacked jurisdiction to consider the matter because the commission had failed to adopt appropriate rules of procedure in contested cases as required by section 84-913, R. R. S. 1943, and related statutes. The commission adjourned the hearing to consider the objection and no evidence or testimony was taken. Apparently because of the objection, the commission then initiated action to adopt rules of procedure in contested cases. After due notice, the commission conducted a public hearing on June 13, 1974, on the proposed new rules. On June 25, 1974, the commission adopted rules of practice and procedure covering hearings in contested cases. The new rules of practice and procedure were filed with the Secretary of State and the Clerk of the Legislature on June 26, 1974, and were thereafter in full force and effect. Rule 7.02 of the new rules of practice and procedure specifically provides that the new rules govern any hearing initiated by the racing commission upon its own motion pursuant to any matter within its jurisdiction, including, but not to be limited to, the denial or revocation of any license required by statute or by the rules of racing.

On June 29, 1974, the board of stewards vacated its May 10, 1974, ruling suspending the appellant at Ak-Sar-Ben. The revocation was "without prejudice due to alleged procedural inadequacies," and referred the matter to the Nebraska State Racing Commission for further action it deemed necessary. On June 29, 1974, the commission gave notice to appellant of a hearing to be held on July 9, 1974, on the alleged violation by the appellant of rule 18.19 of the Nebraska Rules of Racing, 1970. The notice was supplemented on July 3, 1974, to specify

that it involved the alleged violation of May 9, 1974. At the hearing on July 9, 1974, it was stated that the hearing was an original hearing on a charge of violation of rule 18.19, for the purpose of determining whether appellant was guilty of the charge, and that the penalty could include suspension or revocation of his license to act as a jockey in Nebraska. A full hearing was then had at which witnesses for both parties testified under oath as to events preceding the eighth race on May 9, 1974. Several witnesses testified that they had observed the appellant drop an object from his hand. The object was picked up and identified as an illegal electrical device and tested to establish that it contained an electrical charge. The appellant denied having knowledge or possession of any device. On July 15, 1974, the appellant was found guilty of the charge and the commission revoked his Nebraska jockey license. The commission also determined that appellant would not be eligible for a jockey license in Nebraska until January 1, 1977.

On July 24, 1974, the appellant appealed to the District Court from the order of the Nebraska State Racing Commission. On November 1, 1974, the District Court found against the appellant; affirmed the action of the commission in all respects; and dismissed the appeal.

The appellant contends that the commission had no jurisdiction or power to enforce rule 18.19, nor to revoke appellant's license for a rule violation which occurred before the commission had adopted rules of practice and procedure in contested cases as required by statute. The appellant relies upon several complicated and involved theories and assumptions but the entire attack rests on the contention that the commission had no authority or jurisdiction to initiate an original proceeding on its own motion to revoke a jockey license, where the procedural rules under which the hearing was conducted were adopted after the violation charged had occurred. That contention is unsupportable.

Section 2-1203, R. R. S. 1943, provides that the State Racing Commission "shall have power to prescribe and enforce rules and regulations governing horse races and race meetings, licensed as hereinafter provided."

The Nebraska Rules of Racing, 1970, had been duly and regularly adopted by the commission and were in full force and effect at all times involved here. Rule 10.01 provides that any person engaged in racing, including jockeys, must be licensed by the Nebraska State Racing Commission. Rule 10.15 provides in part: "The State Racing Commission may deny or revoke any license where the holder thereof has violated the rules and regulations of the Commission."

Rule 13.88 provides that the board of stewards shall have power to regulate and govern the conduct of jockeys during, before, and after races, unless the power and the duty is vested in the racing commission. Rule 13.92 provides: "The Stewards have power to punish at their discretion any person subject to their control either by suspension of the privilege of attending the races during the meeting or by suspension from acting or riding during the meeting plus ten (10) days or by fine not exceeding $200.00 or both, and if they consider necessary any further punishment or additional fine, they shall so report to the Nebraska State Racing Commission." Rule 2.04 provides that the commission may rescind or modify any penalty or decision on infraction of the rules imposed or made by the racing officials, including stewards.

It is apparent that only the commission has the power or authority to issue or revoke a jockey license. It is also apparent that the power of the board of stewards to punish a jockey is limited, and the racing commission not only has authority and jurisdiction to hear an appeal from a ruling of the board of stewards and rescind or modify it, but it also has the authority to bring an original action for revocation of a license, or for further

punishment where necessary. The action here before the State Racing Commission was an original proceeding by the commission on its own motion for the purpose of determining whether appellant was guilty of violating rule 18.19 on May 9, 1974. There was also due and proper notice that the penalty might include revocation of his license to act as a jockey in Nebraska.

On May 9, 1974, and at time appellant filed his appeal from the ruling of the board of stewards, the only procedural rules for contested cases before the commission were those contained under rule 7.01 of the Nebraska Rules of Racing, 1970. Those rules, by their terms, applied only to an appeal from a ruling of the board of stewards and, in addition, they did not meet the requirements of due process required by the Administrative Procedures Act. As the trial court found, any action by the commission or an agency subordinate to it involving contested matters under those rules would have been void. The commission therefore instituted the necessary steps to adopt the new procedural rules. The substantive rules of racing which appellant was charged with violating and which were in effect at the time of the alleged violation were not altered, modified, or amended in any respects. Only the procedural rules were amended. It is a well-established principle that whether a proceeding be criminal or civil, the procedures and procedural rules to be applied are those which are in effect at the date of the hearing or proceeding and not those in effect when the act or violation is charged to have taken place. See, Thompson v. Utah, 170 U. S. 343, 18 S. Ct. 620, 42 L. Ed. 1061; Landay v. United States, 108 F. 2d 698, cert. den. 309 U. S. 681, 60 S. Ct. 721, 84 L. Ed. 1024.

As this court said more than 20 years ago: "No rule of constitutional interpretation is violated by a legislative provision declaring retroactively a procedural method of recovery upon an existing substantive right. Such a provision may be retroactive in its application."

County of Hamilton v. Thomsen, 158 Neb. 254, 63 N. W. 2d 168.

The appellant asserts that the amended procedural rules were not valid nor effective because they had not yet been filed with the Revisor of Regulations. The statutory requirement for such filing becomes effective no sooner than June 30, 1975, nor later than August 31, 1975. See § 84-902, R. S. Supp., 1974. The procedural rules adopted by the commission and filed with the Secretary of State on June 26, 1974, were valid and effective and were applicable to the hearing before the commission on July 9, 1974.

Appellant contends that the commission improperly took judicial notice of the fact that the object allegedly in the possession of the appellant was an electrical device designed to increase or decrease the speed of a horse. There was sufficient expert testimony at the hearing to establish that fact without the necessity of any judicial notice. The fact was overwhelmingly established. Even if it were not, an administrative agency may take notice of general, technical, or scientific facts within its specialized knowledge, and may utilize its experience, technical competence, and specialized knowledge in the evaluation of the evidence presented to it. § 84-914(5), R. R. S. 1943.

The appellant also contends that the vacation of the ruling by the board of stewards and its dismissal "without prejudice due to alleged procedural inadequacies" was somehow a dismissal with prejudice which becomes res judicata and precludes any subsequent litigation of the issue. It is apparent that even though the original ruling of the stewards finding the appellant guilty may have been on the merits, the vacation and dismissal was not on the merits. The proposition is well established that if a judgment of dismissal is on the merits it operates to preclude subsequent relitigation of the same cause of action, but if it is not on the merits it does not operate to preclude subsequent relitigation of the same cause of

action. See 46 Am. Jur. 2d, Judgments, § 479, p. 643. The dismissal of the stewards ruling "without prejudice" did not operate to preclude any subsequent proceedings by the commission on the same cause of action.

The evidence in this case unequivocally established the appellant's violation of rule 18.19 of the Nebraska Rules of Racing, 1970. The finding of guilt on the basis of the evidence presented, and the revocation of license were fully supported by the evidence. The appellant has failed to demonstrate any abuse of discretion by the commission. An order of revocation of a license to engage in an occupation or profession will ordinarily not be disturbed on appeal in the absence of an abuse of discretion. State ex rel. Meyer v. Eyen, 184 Neb. 848, 172 N. W. 2d 617, cert. den. 398 U. S. 951, 90 S. Ct. 1872, 26 L. Ed. 2d 292.

The judgment of the District Court was correct and is affirmed.

AFFIRMED.