THORNTON, J.,
concurring in part; dissenting in part.
While I concur with the majority on the second point, namely, that the summary judgment for defendant in the declaratory judgment action was proper, I disagree on the first point, namely, that the writ of habeas corpus should issue.
The opinion concludes that inasmuch as the Mental Health Division failed to promulgate rules and regulations governing the voluntary commitment of minors, the instant voluntary commitment was a nullity.
This issue was not briefed or argued by the parties. In view of the effect the majority’s decision on this point may have upon similar prior commitments, I think we should call for supplemental briefs before deciding it. Assuming, however, that we should take up this issue without benefit of briefs or argument, based on my limited research I cannot agree with the opinion’s conclusion that defendant Dr. Brooks’ actions in admitting and hospitalizing petitioner were void ab initio because the Mental Health Division neglected to promulgate rules and regulations.
While ORS 426.220 imposes a duty on the Mental Health Division to promulgate such rules and regulations, I can find nothing in ORS 426.220 or elsewhere to indicate that the legislature intended that the voluntary commitment of mentally ill persons pursuant to this provision should be inoperative until the Mental Health Division makes rules and regulations *[486] spelling out the procedure that the superintendent of any state mental hospital shall follow in deciding whether to admit and hospitalize such persons. Absent such showing, I believe the petition should be quashed. See, American Power Co. v. S. E. C., 329 US 90, 67 S Ct 133, 91 L Ed 103, 116 (1946); Weiner v. State Real Estate Commission, 184 Neb 752, 171 NW2d 783 (1969). See also, Annotation, 163 ALR 909 (1946); 2 Am Jur 2d 27 et seq, Administrative Law § 195 (1962).