MCLEAR ET AL., APPELLANTS, *v.* SMITH, APPELLEE.

(No. OT-80-17—Decided November 28, 1980.)

*Mr. Stephen E. Cottrell,* for appellants.

*Messrs. Meyer & Kocher* and *Mr. Douglas O. Meyer,* for appellee.

CONNORS, J.  This cause comes before the court upon an appeal from the granting of a summary judgment in the defendant's favor by the Court of Common Pleas of Ottawa County. The facts adduced in the trial court are as follows.

On October 23, 1978, Marlene McLear, a minor, was a passenger in an automobile operated by Rebecca K. Smith (also, a minor), the daughter of the defendant-appellee, Donna Jean Smith. Allegedly, plaintiff Marlene McLear (this action was brought in the name of Marlene McLear, a minor, by her next friend, Joseph McLear *et al.*) was injured as a result of Rebecca Smith's negligence.

The defendant signed Rebecca Smith's application for a driver's license pursuant to R. C. 4507.07. There was no dispute as to the fact that Rebecca Smith was covered by

liability insurance in an amount which complied with the financial responsibility requirements of R. C. Chapter 4509. However, R. C. 4507.07, as it was effective on the date of the accident (see 132 Ohio Laws 1586-1587), was not complied with in that the minor had not deposited, nor was there deposited upon her behalf, proof of financial responsibility with the state of Ohio.

The defendant contended, in the trial court, that Am. Sub. H. B. No. 522, effective October 29, 1979 (the original cause of action was filed on March 14, 1980), which amended R. C. 4507.07 by eliminating the requirement that proof of financial responsibility be filed, applied to this case. Therefore, defendant contended that she had complied with the law, as effective on the date that the suit was commenced and that, thus, her daughter's alleged negligence could not be imputed to her pursuant to R. C. 4507.07.

The trial court held, as a result of these facts, that:

"As there is no genuine issue of law or fact and as defendant has complied with the provisions of amended R. C. 4507.07, defendant is, as a matter of law, entitled to a summary judgment. Summary judgment for defendant is therefore entered accordingly, plaintiff[s] to pay costs."

The appellants' sole assignment of error is as follows:

"The trial court erred in holding that Section 4507.07, Ohio Revised Code, as amended, effective 10/29/79, bars a cause of action for personal injuries against a responsible parent signing a minor's driver's license arising out of a cause of action resulting from an automobile accident dated 10/23/78."

This court finds that the appellants' only assignment of error is not well taken. Consequently, this court affirms the trial court for the following reasons.

The statute, as amended, changes the procedure whereby an adult who signs a minor's application for a driver's license may be insulated from liability due to the minor's negligence or willful or wanton acts. Under the new statute, as before the amendment, liability continues to exist for the adult who fails to conform to the statutory dictates. However, in the case at bar the defendant has conformed her conduct accordingly.

The appellants argue that:

"Clearly if that statute had not been in existence at the

time of the accident, then there would be no cause of action against the present defendant. Even if, therefore, this statute [amended R. C. 4507.07] is procedural, which we expressly deny, it still cannot apply to the cause of action since the cause of action arose more than a year before the statute was changed and clearly, a cause of action may be commenced at any time within the statute of limitations and a litigant should not have to worry about subsequent changes in the law affecting a cause of action which has already matured."

This court disagrees with the appellants' argument. Am. Sub. H. B. No. 522, effective October 29, 1979, amends the procedural aspects of parental liability arising from the acts of a minor. The trial court found, and this court affirms, that the amendment to the statute is procedural. In the case of *Thompson* v. *Utah* (1898), 170 U. S. 343, the United States Supreme Court addressed the issue presented to this court in the case *sub judice.* The court stated:

" * * * 'But so far as mere modes of procedure are concerned, a party has no more right, in a criminal than in a civil action, to insist that his case shall be disposed of under the law in force when the act to be investigated is charged to have taken place. Remedies must always be under the control of the legislature, and it would create endless confusion in legal proceedings if every case was to be conducted only in accordance with the rules of practice, and heard only by the courts in existence when its facts arose. The legislature may abolish courts and create new ones, and it may prescribe altogether different modes of procedure in its discretion, * * * .' * * * " (Citation omitted.) *Id.,* at 351-352.

The United States Supreme Court added, in another case, *Hopt* v. *Utah* (1884), 110 U. S. 574, 590, that no one has a vested right in mere modes of procedure, and that it was for the state, under grounds of public policy, to regulate procedure at its pleasure.

Another case analogous to the case *sub judice* is the case of *Ingerson* v. *State Farm Mutual Automobile Ins. Co.* (Fla. App. 1973), 272 So. 2d 862. That case also dealt with an action arising out of an automobile accident. "The collision occurred on June 13, 1967. The action was filed April 23, 1971. The jury trial was held on February 25, 1972. The guest * * * statute was repealed by an act of the legislature which became effec-

tive approximately ten days before trial of the case, a fact of which neither the trial court nor the parties appear[ed] to have been aware at the time of trial and judgment. * * * " (Footnote omitted.) *Id.*, at 863. The appellate court held:

" * * * [W]here a statute or principle of law that is controlling or material to the merits of an action is repealed or the law otherwise is changed, during the pendency of the cause, the law as so changed then becomes applicable and controlling in trial and decision of the action. * * * " (Citation omitted.) *Id.*, at 864. See, generally, *United States* v. *Haughton* (C.A. 9, 1969), 413 F. 2d 736; *Durousseau* v. *Nebraska State Racing Comm.* (1975), 194 Neb. 288, 231 N.W. 2d 566; *City of Sausalito* v. *County of Marin* (1970), 12 Cal. App. 3d 550, 90 Cal. Rptr. 843; 1 Anderson's Ohio Family Law (1980 Supp.), Section 6.16.

For the foregoing reasons, this court finds the appellants' sole assignment of error not well taken.

On consideration thereof, this court finds that substantial justice has been done the party complaining. Accordingly, the judgment of the Court of Common Pleas of Ottawa County is affirmed.

*Judgment affirmed.*

BROWN and WILEY, JJ., concur.

WILEY, J., retired, of the Sixth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.