KELLY A. ABBOTT, APPELLEE, V. DEPARTMENT OF MOTOR
VEHICLES, STATE OF NEBRASKA, APPELLANT.

522 N.W.2d 421

Filed October 7, 1994.    No. S-93-393.

Don Stenberg, Attorney General, and Mary L. Hewitt for appellant.

Thomas R. Lamb, of Berry, Anderson, Creager & Wittstruck, P.C., for appellee.

HASTINGS, C.J., WHITE, CAPORALE, FAHRNBRUCH, and LANPHIER, JJ., and BOSLAUGH, J., Retired.

PER CURIAM.

The director of the Nebraska Department of Motor Vehicles (department) revoked Kelly A. Abbott's driver's license for 90 days in accordance with the administrative license revocation statutes, Neb. Rev. Stat. §§ 39-669.07 through 39-669.18 (Reissue 1988 & Cum. Supp. 1992). The Lancaster County District Court reversed the director's order and remanded the case to the department with directions that Abbott's license be reinstated immediately. The department appeals; we affirm.

SCOPE OF REVIEW

Proceedings for review of a final decision of an

administrative agency shall be to the district court, which shall conduct the review without a jury de novo on the record of the agency. See, Neb. Rev. Stat. § 84-917(5)(a) (Cum. Supp. 1992); *Lynch v. Nebraska Dept. of Corr. Servs.*, 245 Neb. 603, 514 N.W.2d 310 (1994). In an appeal under the Administrative Procedure Act, the appeal shall be taken in the manner provided by law for appeals in civil cases, and the judgment rendered or final order made by the district court may be reversed, vacated, or modified for errors appearing on the record. Neb. Rev. Stat. § 84-918(3) (Cum. Supp. 1992); *Lee v. Nebraska State Racing Comm.*, 245 Neb. 564, 513 N.W.2d 874 (1994). When reviewing an order of a district court under the Administrative Procedure Act for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Id.*

## FACTS

On January 1, 1993, Abbott was stopped for a traffic violation near 48th and Q Streets in Lincoln. The arresting officer observed that Abbott had glassy eyes and slurred speech and that she smelled of alcohol. Abbott failed field sobriety tests and a preliminary breath test. She was then transported to a detoxification center, where an Intoxilyzer test was administered. The test indicated an alcohol concentration of .174 grams of alcohol per 210 liters of breath.

Pursuant to § 39-669.15, Abbott was given a "Notice/Sworn Report/Temporary License," which indicated she had submitted to a breath test. The notice informed Abbott that her license would automatically be revoked 30 days from the date of the arrest and that if she wished to contest the revocation, she could request a hearing by filing a petition with the department within 10 days. Abbott filed a petition for administrative hearing on January 7, and a notice of hearing dated January 8 notified Abbott that a hearing would be held on January 19.

At the January 19 hearing, Abbott objected to the proceeding in its entirety. Abbott contended the hearing was being conducted using rules and regulations that had not yet been filed with the Secretary of State. The hearing officer

overruled Abbott's objection and received the testimony of the arresting officer. Abbott was allowed to cross-examine the arresting officer and then testified on her own behalf.

The director subsequently issued an order revoking Abbott's driving privileges for 90 days effective January 31, 1993. The order noted that the burden was on Abbott to demonstrate that the administrative revocation should be dismissed and noted that Abbott had argued that the rules and regulations governing the revocation hearing had not been properly promulgated. The director found that the hearing officer's jurisdiction was limited to the issues delineated in § 39-669.15 and stated that "[w]hether rules and regulations were properly adopted is not one of the permissible issues."

Abbott timely appealed the department's decision to the Lancaster County District Court. The court found that the evidence supported a conclusion that the rules and regulations required by § 39-669.15(7) had not been approved by the Governor or filed with the Secretary of State by January 1, 1993, the date Abbott was arrested, or January 19, 1993, the date of the revocation hearing. Further, the court found that Abbott's right to due process had been violated because the rules and regulations used to conduct the revocation hearing had not been approved and filed, as required by Neb. Rev. Stat. § 84-908 (Reissue 1987), at the time of the arrest.

## ASSIGNMENTS OF ERROR

The department alleges that the district court erred in (1) finding that Abbott's right to due process was violated by the department's failure to have the regulations governing the conduct of revocation hearings approved and on file with the Secretary of State on the date of Abbott's arrest or the date of the revocation hearing, (2) finding that § 84-908 required that the rules and regulations governing revocation hearings be filed with the Secretary of State on the date of the motorist's arrest, and (3) reversing the director's revocation order and directing reinstatement of Abbott's license.

## ANALYSIS

This case raises the same issues as those raised in *Gausman v. Department of Motor Vehicles, ante* p. 677, 522 N.W.2d

417 (1994). Neb. Rev. Stat. § 84-906 (Reissue 1987) provides in part: "No rule or regulation of any agency shall be valid as against any person until five days after such rule or regulation has been filed with the Secretary of State." The department held a revocation hearing and proceeded against Abbott using rules and regulations which had not been filed with the Secretary of State and which were not valid as against Abbott. Such activity does not comport with due process.

Because we find no error in the determination made by the district court, the judgment is affirmed.

AFFIRMED.

WRIGHT, J., participating on briefs.