DAN M. DANNEHL, APPELLEE, V. DEPARTMENT OF MOTOR
VEHICLES, APPELLANT.
MELISSA K. KORNELSON, APPELLEE, V. DEPARTMENT OF MOTOR
VEHICLES, APPELLANT.
DARBY L. CAIN, APPELLEE, V. DEPARTMENT OF MOTOR VEHICLES,
APPELLANT.
529 N.W.2d 100

Filed March 7, 1995.   Nos. A-93-427, A-93-472, A-93-591.

Don Stenberg, Attorney General, Amy Hollenbeck, Jay C. Hinsley, and, on brief, Mary L. Hewitt for appellant.

Toney J. Redman for appellees.

SIEVERS, Chief Judge, and HANNON and MUES, Judges.

MUES, Judge.

In three separate proceedings, the director of the Department of Motor Vehicles revoked the driver's licenses of Dan M. Dannehl, Melissa K. Kornelson, and Darby L. Cain for 90 days each, in accordance with the administrative driver's license revocation statutes, Neb. Rev. Stat. § 39-669.15 et seq. (Reissue 1988 & Cum. Supp. 1992) (currently Neb. Rev. Stat. § 60-6,205 et seq. (Reissue 1993)). The Lancaster County District Court reversed the director's order in each of the cases and remanded them to the department with directions that appellees' licenses be reinstated immediately. The department appeals the district court's reversals. The cases have been consolidated on appeal.

## LEGISLATIVE AND AGENCY ACTION
On January 1, 1993, § 39-669.15 (Cum. Supp. 1992) became

effective. That statute authorizes the automatic revocation of the driver's license of a person who is arrested for driving while under the influence of alcohol and who submits to a chemical test which discloses the presence of alcohol in any of the concentrations specified in Neb. Rev. Stat. § 39-669.07 (Cum. Supp. 1992). To effectuate the revocation, the arresting officer must serve verbal notice to the arrested person of the intention to immediately impound and revoke that person's driver's license, as well as notice that the revocation will be automatic 30 days after the date of the arrest unless a petition for a hearing to contest the revocation is filed within 10 days after the date of arrest. § 39-669.15(3).

The operation of this license revocation statute was succinctly set forth by the Nebraska Supreme Court in *Gausman v. Department of Motor Vehicles*, 246 Neb. 677, 681-82, 522 N.W.2d 417, 420 (1994), from which we quote:

> The arresting officer must forward to the director a sworn report stating (1) that the person was validly arrested pursuant to § 39-669.08 and the reasons for the arrest; (2) that the person was requested to submit to the required test; (3) that the person was advised of the consequences if the test disclosed the presence of alcohol in a concentration specified in § 39-669.07, including that the driver's license would be immediately impounded and automatically revoked in 30 days; and (4) that the person submitted to a test, the type of test to which the person submitted, and that the test revealed the presence of alcohol in a concentration specified in § 39-669.07. § 39-669.15(3).

> The arresting officer is required to explain the administrative license revocation procedure and the rights of the arrested person and to provide an addressed envelope and a petition form which may be used to request a hearing before the director to contest the revocation. The petition form must be completed and delivered to the department or postmarked within 10 days after receipt. § 39-669.15(4). The arresting officer is required to take possession of the driver's license and to issue a temporary license which is valid for 30 days. The original license and

the sworn report are then forwarded to the director of the department. *Id.*

If a chemical test discloses the presence of alcohol in a concentration of .10 of a gram or more per 100 milliliters of blood or .10 of a gram or more per 210 liters of breath, the issues at the revocation hearing are limited to (1) whether the law enforcement officer had probable cause to believe the person was operating or in actual physical control of a motor vehicle in violation of § 39-669.07 or a city or village ordinance enacted pursuant to § 39-669.07, (2) whether the person was lawfully arrested, (3) whether the person was advised of the consequences if the chemical test disclosed the presence of alcohol in a concentration specified in § 39-669.07, and (4) whether the person was operating or in actual physical control of a motor vehicle while the person had an alcohol concentration in violation of § 39-669.07(1). § 39-669.15(6)(c)(ii)(A) through (D).

If the driver's license is revoked, then "[a]ny person who feels himself or herself aggrieved because of such revocation may appeal therefrom to the district court of the county where the alleged events occurred . . . in accordance with the Administrative Procedure Act." § 39-669.18. The district court conducts the review without a jury de novo on the record of the agency. See, § 84-917(5)(a); *Lynch v. Nebraska Dept. of Corr. Servs.*, 245 Neb. 603, 514 N.W.2d 310 (1994).

Section 39-669.15(7) requires the director to "adopt and promulgate rules and regulations to govern the conduct of the hearing and insure that the hearing will proceed in an orderly manner." These rules and regulations, set forth at 247 Neb. Admin. Code, ch. 1, were filed on February 24, 1993, and pursuant to the Administrative Procedure Act, Neb. Rev. Stat. § 84-901 et seq. (Reissue 1987 & Cum. Supp. 1992), became effective March 1, 1993.

The act provides that "[n]o rule or regulation of any agency shall be valid as against any person until five days after such rule or regulation has been filed with the Secretary of State." Neb. Rev. Stat. § 84-906 (Reissue 1987). "No adoption . . . of any rule or regulation shall

become effective until the same has been approved by the Governor and filed with the Secretary of State after a hearing has been set on such rule or regulation pursuant to section 84-907." § 84-908. Neb. Rev. Stat. § 84-907 (Reissue 1987) requires a public hearing prior to the adoption of such rules. Notice of the hearing must be given to the Secretary of State and published in a newspaper having general circulation in the state.

*Gausman*, 246 Neb. at 683, 522 N.W.2d at 420-21.

## BACKGROUND

On February 9, 13, and 14, 1993, Dannehl, Kornelson, and Cain, respectively, were arrested for operating a motor vehicle while under the influence of alcohol. After failing preliminary breath tests, each appellee submitted to a chemical breath test, which registered over twice the legal limit in all cases. Pursuant to § 39-669.15, the arresting officers gave each appellee a "Notice/Sworn Report/Temporary License" which informed the appellees that their driver's licenses would automatically be revoked effective 30 days from the date of the arrest and that if they wished to contest the automatic revocation, they could request a hearing by filing a petition with the department within 10 days. A "Petition For Administrative Hearing" was also provided to each appellee at the time of arrest. This petition purported to be the form to be used to initiate the contesting of the revocation which would otherwise automatically occur, in the absence of the filing, upon the expiration of 30 days. Each appellee timely filed the petition form requesting an administrative hearing, and, pursuant to notice, the hearings for Dannehl, Kornelson, and Cain were held on March 3, March 10, and March 10, respectively.

Appellees were each represented by counsel at the administrative hearings, and each objected to his or her hearing in its entirety on the grounds that there were no valid rules and regulations governing the conduct of the hearing in effect on the date of arrest. Each of these objections was overruled. The director determined in each case that § 39-669.15 set forth the issues which could be addressed at the administrative hearing and that the validity of the rules and regulations was not a

permissible issue. After full hearings, in which evidence was admitted and testimony was adduced, the director revoked each appellee's driving privileges for 90 days.

## THE DISTRICT COURT'S ORDERS

In separate appeals, the respective district court judges found that because the rules and regulations under which the department conducted the revocation hearings were not effective on certain dates determined to be critical to the respective appellees' cases, the revocations were invalid. Although the rules and regulations were effective on the date of the hearing in each appellee's case, appellees had not been given the benefit of the provisions contained in the rules and regulations which set forth certain available procedures. Specifically, in Dannehl's case (where he was arrested February 9, filed his petition on February 12, had a filing deadline of February 19, and had his administrative hearing on March 3), the district judge found that because the rules and regulations became effective only 2 days prior to his hearing, he could not have been given their benefit. The judge noted this was apparent because various provisions of the rules and regulations required specific periods of notice prior to the date of the hearing, including 5 days' notice for a continuance, 5 days' notice for discovery, 3 days' notice for the rules of evidence to apply, and that subpoenas must be requested at the time the petition is filed. In Kornelson's case (where she was arrested February 13, filed her petition on February 17, had a filing deadline of February 23, and had her administrative hearing on March 10), the district judge found that because the rules and regulations were not effective on the date the petition was actually filed, Kornelson was not given the benefit of the provisions, noting specifically that the rules and regulations limit the petition form which would be accepted by the department and require requests for subpoenas to be made at the time the petition is filed. Finally, in Cain's case (where he was arrested February 14, filed his petition on February 18, had a filing deadline of February 24, and had his administrative hearing on March 10), the district judge found that the revocation was invalid because the rules and regulations were

not effective at the time of Cain's arrest, and Cain, therefore, was generally not given the benefit of their provisions. The respective district judges reversed the director's orders and remanded the cases with directions that each appellee's license be reinstated immediately.

We note that the rules and regulations did not become effective until March 1, 1993, and thus, common denominators of all three cases are that the effective date of the rules and regulations was after the date of arrests, after the date the petitions were actually filed, and after the mandatory filing deadline for the petitions, but before the date of the administrative hearings.

## STANDARD OF REVIEW

Proceedings for review of a final decision of an administrative agency shall be to the district court, which shall conduct the review without a jury de novo on the record of the agency. In an appeal under the Administrative Procedure Act, the appeal shall be taken in the manner provided by law for appeals in civil cases, and the judgment rendered or final order made by the district court may be reversed, vacated, or modified for errors appearing on the record. When reviewing an order of a district court under the Administrative Procedure Act for errors appearing on the record, the inquiry is whether the decision conforms to the law; is supported by competent evidence; and is neither arbitrary, capricious, nor unreasonable. *Abbott v. Department of Motor Vehicles*, 246 Neb. 685, 522 N.W.2d 421 (1994); *Gausman v. Department of Motor Vehicles*, 246 Neb. 677, 522 N.W.2d 417 (1994).

## ASSIGNMENTS OF ERROR

The department assigns as error the district court's finding in each case that § 84-908 required that the rules and regulations governing the conduct of revocation hearings had to be approved and on file with the Secretary of State on the date of appellees' arrests to be effective. The department also assigns as error the reversal of the revocation orders and the reinstatement of each appellee's driver's license.

## DISCUSSION

The department defines the issue before us to be whether the district court correctly determined that the failure of the department's rules and regulations to be legally effective on the date of appellees' arrests rendered invalid the license revocation orders. As the foregoing discussion on the separate district court orders illustrates, this was not the precise basis for the conclusions reached by each separate district judge. However, since resolution of the issue as defined by the department is dispositive of each of these appeals, we restrict our analysis accordingly.

The department concedes that a driver's license is an important interest entitled to the protection of procedural due process. See, *Bell v. Burson,* 402 U.S. 535, 91 S. Ct. 1586, 29 L. Ed. 2d 90 (1971); *Gausman, supra.* The central meaning of procedural due process is that parties whose rights are to be affected are entitled to be heard, and, in order that they may enjoy that right, they must first be notified. See, *Baldwin v. Hale,* 68 U.S. (1 Wall.) 223, 17 L. Ed. 531 (1863); *Vail v. Derwinski,* 946 F.2d 589 (8th Cir. 1991). The department contends that because the rules and regulations were filed with the Secretary of State prior to the date of appellees' administrative hearings, appellees were not denied due process and were not prejudiced by the utilization of the regulations at the revocation hearing.

*Gausman v. Department of Motor Vehicles.*

The Supreme Court recently addressed the effect the department's failure to file rules and regulations had upon an individual's due process rights in *Gausman, supra.* In *Gausman,* the department's rules and regulations were not in effect at either the time of Gausman's arrest or the time of the administrative hearing. In each of the cases presently before us, the rules and regulations became effective after the date of arrest, but prior to the date of the administrative hearing. That is the sole distinction between *Gausman* and the present actions.

■ In *Gausman,* the Supreme Court recognized that although § 39-669.15 does not set forth the consequences for

failing to adopt and promulgate rules and regulations relating to revocation hearings, § 84-906 of the Administrative Procedure Act provides that "[n]o rule or regulation of any agency shall be valid as against any person until five days after such rule or regulation has been filed with the Secretary of State." In *Gausman*, the department argued that "Gausman was afforded procedural due process because he received a 'Notice/Sworn Report/Temporary License' which outlined in detail the operation of administrative license revocation, Gausman's right to request a hearing before the department to contest the revocation, and the four issues which could be disputed at the revocation hearing." *Id*. at 683, 522 N.W.2d at 421. The department also argued that "a party who is not prejudiced by an agency's failure to adopt comprehensive rules governing the conduct of an administrative hearing is not entitled to a reversal of the agency's decision" and that "to the extent the rules and regulations were a restatement of the existing principle or mandate, those regulations were not required to be on file with the Secretary of State to be fully effective." *Id*. at 684, 522 N.W.2d at 421. The Supreme Court rejected the department's arguments, determining that they ignored the plain meaning of § 84-906. The court found that the department had no valid rules or regulations regarding administrative license revocation hearings in effect at the time of Gausman's revocation hearing and held that because the department failed to comply with § 84-906 and proceeded against Gausman using rules and regulations which it had failed to file with the Secretary of State and which were not valid as against Gausman, the department failed to comply with due process. The court thereafter affirmed the decision of the district court requiring reinstatement of Gausman's license. The court reached the same conclusion upon essentially identical facts in *Abbott v. Department of Motor Vehicles*, 246 Neb. 685, 522 N.W.2d 421 (1994).

*Rules and Regulations Specifically Covered by Statute.*

The department proffers the case *Weiner v. State Real Estate Commission*, 184 Neb. 752, 171 N.W.2d 783 (1969), for the proposition that the Administrative Procedure Act promul-

gation process does not apply to those rules and regulations which are already specifically covered by statute, thus arguing that since § 39-669.15 and various sections of the Administrative Procedure Act already define the rights of appellees and since they were in effect before the arrests, the failure to have the rules and regulations effective at the time of the arrests was inconsequential. We believe that the *Gausman* decision effectively disposes of that argument against the department. Specifically, in response to the department's argument that "to the extent the rules and regulations were a restatement of the existing principle or mandate, those regulations were not required to be on file with the Secretary of State to be fully effective," the *Gausman* court succinctly stated: "We find that [this argument] ignore[s] the plain meaning of § 84-906. No rule or regulation is valid until after it has been filed with the Secretary of State." 246 Neb. at 684, 522 N.W.2d at 421.

*Actual Prejudice.*

The department also contends that because appellees failed to demonstrate any actual prejudice from the absence of effective rules and regulations at the time of their arrests, they are not entitled to a reversal of the agency decisions. Although the rules and regulations were effective on the date of the hearings, several crucial topics addressed by the rules and regulations demanded action by appellees between the date of each arrest and the time of that hearing. These topics included requirements that appellees request subpoenas at the time of filing their petition, that motions for discovery be filed no later than 5 days prior to the hearing, that motions for continuances be filed 5 days prior to the hearing, and that requests to apply formal rules of evidence be made within 3 days of the hearing. These deadlines were not disclosed to appellees in § 39-669.15, and they were not legally notified of them until March 1, 1993—in some instances, too late for appellees to timely comply. In each of the cases before us, the district court found that appellees were denied the benefit of one or more of these provisions in that they were not legally informed of the timetables created by the rules until certain deadlines had

passed. That finding is supported by the record in each case.

More importantly, the Supreme Court was not persuaded when faced with the department's identical position in *Gausman*, again responding that arguing no prejudice "ignore[d] the plain meaning of § 84-906," which requires rules and regulations to be filed with the Secretary of State for 5 days to be valid against any person. Based on the reasoning in *Gausman*, we too conclude that arguing failure to demonstrate specific prejudice ignores the fact that the rules here were not in effect during times which had significant impacts on appellees' rights.

*Procedural Rules in Effect at Time of Hearing.*

Next, the department argues *Durousseau v. Nebraska State Racing Commission*, 194 Neb. 288, 231 N.W.2d 566 (1975), is dispositive of the issues on this appeal. In *Durousseau*, the Nebraska State Racing Commission revoked a jockey's license after an administrative hearing based upon a violation of the Nebraska Rules of Racing. At the time of the violation, rule 7.01 contained "skeletal provisions for practice and procedure," but prior to the hearing, the commission adopted amended rules of practice and procedure which were in effect by the date of the hearing. *Durousseau*, 194 Neb. at 290, 231 N.W.2d at 568. The court recognized:

> It is a well-established principle that whether a proceeding be criminal or civil, the procedures and procedural rules to be applied are those which are in effect at the date of the hearing or proceeding and not those in effect when the act or violation is charged to have taken place. . . .
>
> . . . "No rule of constitutional interpretation is violated by a legislative provision declaring retroactively a procedural method of recovery upon an existing substantive right. Such a provision may be retroactive in its application."

(Citations omitted.) *Id.* at 293, 231 N.W.2d at 569-70. The Supreme Court affirmed the application of the amended procedural rules to the proceeding.

The department claims that as in *Durousseau*, application of the department's newly created and adopted rules of practice

and procedure to appellees' cases violates no constitutional rule because such rules of practice and procedure were in effect on the date of the hearings and are only procedural in nature. There are at least two notable differences between the situation in *Durousseau* and the present actions. In *Durousseau*, and other cases relying on the same principle, the court was addressing the overall question of whether it was proper to apply an *amended* version of a procedural rule or statute enacted by the time of the hearing, rather than a procedural rule or statute effective at the time of the offense. See, also, *Ventura v. State*, 246 Neb. 116, 517 N.W.2d 368 (1994); *State v. Wilcox*, 230 Neb. 123, 430 N.W.2d 58 (1988); *State v. Palmer*, 224 Neb. 282, 399 N.W.2d 706 (1986). In the present actions, the rules and regulations were not amendments to rules already enacted. Indeed, prior to January 1, 1993, there was no automatic license revocation procedure in existence, and prior to March 1, 1993, there had been no rules in place governing the conduct of administrative hearings concerning the automatic license revocation created by § 39-669.15. Further, in *Durousseau*, the court found that the amended rules were procedural in nature and that the substantive rules of racing that Durousseau was charged with violating had not been altered. In the present actions, some of the "procedural" rules and regulations appear to substantially impact a licensee's rights, rather than being purely procedural, including those defining the burden of proof and application of the formal rules of evidence. Some courts have "recognized that procedural rules may affect substantive rights, and where a procedural rule, such as a new rule of evidence, has a substantial impact on a party's rights, the distinction between procedural and substantive rules breaks down." 2 Am. Jur. 2d *Administrative Law* § 162 at 186 (1994). We do not find *Durousseau* dispositive of the issues on this appeal.

*Due Process.*

Finally, the department argues that because appellees were given a "sufficient opportunity to be heard at the administrative hearing," their procedural due process rights were not violated. Brief for appellant in case No. A-93-427 at

12. The department contends that appellees received notice of their right to request a hearing and the operation of the license revocation laws when they received the "Notice/Sworn Report/Temporary License" and a notice of the hearing through the mail. The department further contends that each appellee was given a reasonable opportunity to defend against the charge at the administrative hearing and an opportunity to cross-examine witnesses before an impartial decisionmaker. In sum, the department asserts that appellees were afforded sufficient protections to comply with the "minimum procedures due process requires." *Id*. at 13.

As we have stated, the department concedes that the protections of procedural due process apply to the revocation of a driver's license. In response to arguments that the department had complied with procedural due process requirements in *Gausman v. Department of Motor Vehicles*, 246 Neb. 677, 684, 522 N.W.2d 417, 421 (1994), the Supreme Court found that

> [a]lthough the department claim[ed] it complied with procedural due process by affording Gausman timely notice of the hearing, an opportunity to refute or defend against the charge, an opportunity to confront and examine adverse witnesses, and a hearing before an impartial decisionmaker, the department's failure to comply with § 84-906 [was] a denial of due process. The department held a revocation hearing and proceeded against Gausman using rules and regulations which it had failed to file with the Secretary of State, as required by the Administrative Procedure Act, and which were not valid as against Gausman. Such activity does not comport with due process.

We read *Gausman* as holding that fundamental procedural due process required the rules and regulations to be effective during the license revocation process—in that case at the time of the hearing. We believe this reasoning applies to all stages in the revocation process. The process was set in motion when appellees were stopped in their vehicles and arrested for driving under the influence. That point is the genesis of the entire revocation "process," as it is at that time that they first received

notice that their licenses would be revoked; that is the trigger point for the running of the 10-day period to file a petition, as well as the 30-day automatic revocation period. Appellees' due process rights demanded that the substantive and procedural rules and regulations which would govern the revocation process and administrative hearings be in effect at the commencement of this process—the time of their arrests. Fundamental principles of due process require fair and reasonable notice at the commencement of the process, not in the middle of it. In short, we believe the lack of rules and regulations at the time of the arrests is no less significant than the lack thereof at the time of the hearings under the circumstances involved in these cases. Nothing in the *Gausman* opinion suggests that the only stage of the revocation process at which a licensee is entitled to due process is the administrative hearing itself. Such a limited reading of that decision is not, in our judgment, a fair interpretation of its significance. We conclude that appellees were denied due process where the rules and regulations governing the administrative driver's license revocation procedure, statutorily required to be filed with the Secretary of State, were not in effect on the date of appellees' arrests. The decisions of the district court in these cases were correct.

Because we find no error on the record before us, the judgments of the district court, ordering the reinstatement of appellees' licenses, are affirmed.

AFFIRMED.