RUSSELL J. GAUSMAN, APPELLEE, V. DEPARTMENT OF MOTOR VEHICLES, STATE OF NEBRASKA, APPELLANT.

522 N.W.2d 417

Filed October 7, 1994.    No. S-93-392.

Don Stenberg, Attorney General, and Lauren L. Hill for appellant.

Douglas W. Marolf for appellee.

HASTINGS, C.J., WHITE, CAPORALE, FAHRNBRUCH, and LANPHIER, JJ., and BOSLAUGH, J., Retired.

PER CURIAM.

The director of the Department of Motor Vehicles (department) revoked the driver's license of Russell J. Gausman for 90 days in accordance with the administrative license revocation statutes, Neb. Rev. Stat. §§ 39-669.07 through 39-669.18 (Reissue 1988 & Cum. Supp. 1992). The Lancaster County District Court reversed the director's order and remanded the case to the department with directions that Gausman's license be reinstated immediately. The department appeals. In order to regulate the caseloads of the appellate courts of this state, we removed this case to the Supreme Court.

SCOPE OF REVIEW

Proceedings for review of a final decision of an administrative agency shall be to the district court, which shall conduct the review without a jury de novo on the record of the agency. See, Neb. Rev. Stat. § 84-917(5)(a) (Cum. Supp. 1992); *Lynch v. Nebraska Dept. of Corr. Servs.*, 245 Neb. 603, 514 N.W.2d 310 (1994). In an appeal under the Administrative Procedure Act, the appeal shall be taken in the manner provided by law for appeals in civil cases, and the judgment

rendered or final order made by the district court may be reversed, vacated, or modified for errors appearing on the record. Neb. Rev. Stat. § 84-918(3) (Cum. Supp. 1992); *Lee v. Nebraska State Racing Comm.*, 245 Neb. 564, 513 N.W.2d 874 (1994). When reviewing an order of a district court under the Administrative Procedure Act for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Id.*

## FACTS

On January 29, 1993, Lincoln police officer Douglas Saitta was detailed to the scene of an accident near First Street and Cornhusker Highway in Lincoln. Upon arrival at the scene, Saitta was told by one of the parties to the accident that the other party, Russell J. Gausman, had left the scene of the accident. Saitta pursued Gausman and stopped him at approximately 4:30 p.m.

Saitta observed that Gausman had difficulty retrieving his registration form and had poor manual dexterity and slow, slurred speech. Saitta also noticed a moderate odor of alcohol coming from the vehicle. When Gausman was asked by Saitta to accompany him to the cruiser, Gausman staggered and used the side of his car to balance himself. Gausman was placed under arrest for suspicion of driving while under the influence and was transported to a detoxification center by Officer Gregory Simms. Gausman submitted to a chemical test of his breath, which indicated an alcohol concentration of .215 grams of alcohol per 210 liters of breath.

Pursuant to § 39-669.15, Gausman was given a "Notice/Sworn Report/Temporary License" which stated, inter alia, that there existed reasonable grounds to believe that Gausman had operated a motor vehicle while under the influence of alcoholic liquor and that Gausman was validly arrested pursuant to § 39-669.08. The notice stated that Gausman was advised of the consequences of submitting to and failing a breath test and that the breath test indicated an alcohol concentration of .215.

The notice informed Gausman that his driver's license would

automatically be revoked effective 30 days from the date of the arrest and that if Gausman wished to contest the automatic revocation, he could request a hearing by filing a petition with the department within 10 days. Gausman was required to surrender his driver's license, and a 30-day temporary license was issued.

Gausman timely filed a petition requesting an administrative hearing, which was held on February 18, 1993. At the hearing, Gausman objected to the offer of all evidence on the grounds that the hearing was "not being conducted under any rules certified or promulgated by the Secretary of State, the Attorney General, or the Governor." The department's rules and regulations governing practice and procedure with regard to administrative license revocations which are contested had not been filed with the Secretary of State on the date of Gausman's arrest or the date of the revocation hearing, as required by the Administrative Procedure Act.

Following the hearing, Gausman's license was revoked. The director of the department determined that although § 39-669.15(7) required the adoption and promulgation of rules and regulations to cover the conduct of revocation hearings, the statute did not state the consequence of a failure to have the rules and regulations adopted at the time of the hearing. The director concluded that Gausman was afforded due process because he was provided an opportunity to present evidence and cross-examine the State's witnesses.

On appeal, the district court found that the rules and regulations required by § 39-669.15(7) had neither been approved by the Governor nor filed with the Secretary of State by either January 29, 1993, the date Gausman was arrested, or February 18, the date of the revocation hearing. The court determined that Gausman's right to due process was violated because the rules and regulations used to conduct the revocation hearing had not been approved and filed, as required by Neb. Rev. Stat. § 84-908 (Reissue 1987), at the time of his arrest. The court found that, in some instances, the rules governing the conduct of revocation hearings appeared to be more substantive than procedural in nature. The court reversed the director's order and remanded the case with directions that

Gausman's license be reinstated immediately.

## ASSIGNMENTS OF ERROR

The department assigns as error the district court's finding that due process was violated by the department's failure to obtain approval of the rules and regulations governing the conduct of revocation hearings and its failure to have the rules and regulations filed with the Secretary of State on either the date of Gausman's arrest or the date of his revocation hearing. The department also assigns as error the reversal of the revocation order and the reinstatement of Gausman's driver's license.

## ANALYSIS

The issue in this case is whether the district court correctly determined that the department's rules and regulations should have been filed with the Secretary of State prior to the revocation hearing at issue. The provisions of § 39-669.15 under which Gausman's license was revoked became effective January 1, 1993. A person who is arrested for driving while under the influence of alcohol and who submits to a chemical test which discloses the presence of alcohol in any of the concentrations specified in § 39-669.07 shall be served verbal notice by the arresting officer, as an agent for the director of the department, of the intention to immediately impound and revoke the driver's license of that person. § 39-669.15(3). The arresting officer shall also serve notice to the arrested person that the revocation will be automatic 30 days after the date of the arrest unless a petition for hearing is filed within 10 days after the date of the arrest. *Id.*

The arresting officer must forward to the director a sworn report stating (1) that the person was validly arrested pursuant to § 39-669.08 and the reasons for the arrest; (2) that the person was requested to submit to the required test; (3) that the person was advised of the consequences if the test disclosed the presence of alcohol in a concentration specified in § 39-669.07, including that the driver's license would be immediately impounded and automatically revoked in 30 days; and (4) that the person submitted to a test, the type of test to which the person submitted, and that the test revealed the presence of

alcohol in a concentration specified in § 39-669.07. § 39-669.15(3).

The arresting officer is required to explain the administrative license revocation procedure and the rights of the arrested person and to provide an addressed envelope and a petition form which may be used to request a hearing before the director to contest the revocation. The petition form must be completed and delivered to the department or postmarked within 10 days after receipt. § 39-669.15(4). The arresting officer is required to take possession of the driver's license and to issue a temporary license which is valid for 30 days. The original license and the sworn report are then forwarded to the director of the department. *Id.*

If a chemical test discloses the presence of alcohol in a concentration of .10 of a gram or more per 100 milliliters of blood or .10 of a gram or more per 210 liters of breath, the issues at the revocation hearing are limited to (1) whether the law enforcement officer had probable cause to believe the person was operating or in actual physical control of a motor vehicle in violation of § 39-669.07 or a city or village ordinance enacted pursuant to § 39-669.07, (2) whether the person was lawfully arrested, (3) whether the person was advised of the consequences if the chemical test disclosed the presence of alcohol in a concentration specified in § 39-669.07, and (4) whether the person was operating or in actual physical control of a motor vehicle while the person had an alcohol concentration in violation of § 39-669.07(1). § 39-669.15(6)(c)(ii)(A) through (D).

If the driver's license is revoked, then "[a]ny person who feels himself or herself aggrieved because of such revocation may appeal therefrom to the district court of the county where the alleged events occurred . . . in accordance with the Administrative Procedure Act." § 39-669.18. The district court conducts the review without a jury de novo on the record of the agency. See, § 84-917(5)(a); *Lynch v. Nebraska Dept. of Corr. Servs.*, 245 Neb. 603, 514 N.W.2d 310 (1994).

Because the appeal of Gausman's license revocation was conducted in accordance with the Administrative Procedure Act, we review the sections of the act which are applicable to the

facts in this case. The director concluded that § 39-669.15(7) required the adoption and promulgation of rules and regulations for the conduct of revocation hearings, but that the law provided no consequences for failure to adopt such rules and regulations. We disagree.

Although § 39-669.15 does not set forth the consequences for failure to adopt and promulgate rules and regulations relating to revocation hearings, the Administrative Procedure Act does provide consequences for failure to adopt such rules and regulations. The act provides that "[n]o rule or regulation of any agency shall be valid as against any person until five days after such rule or regulation has been filed with the Secretary of State." Neb. Rev. Stat. § 84-906 (Reissue 1987). "No adoption . . . of any rule or regulation shall become effective until the same has been approved by the Governor and filed with the Secretary of State after a hearing has been set on such rule or regulation pursuant to section 84-907." § 84-908. Neb. Rev. Stat. § 84-907 (Reissue 1987) requires a public hearing prior to the adoption of such rules. Notice of the hearing must be given to the Secretary of State and published in a newspaper having general circulation in the state.

The department acknowledges that a driver's license is an important interest entitled to the protection of procedural due process. See, *Bell v. Burson*, 402 U.S. 535, 91 S. Ct. 1586, 29 L. Ed. 2d 90 (1971); *Stauffer v. Weedlun*, 188 Neb. 105, 195 N.W.2d 218 (1972). The department contends that Gausman was afforded procedural due process because he received a "Notice/Sworn Report/Temporary License" which outlined in detail the operation of administrative license revocation, Gausman's right to request a hearing before the department to contest the revocation, and the four issues which could be disputed at the revocation hearing.

The department argues that Gausman was provided a reasonable opportunity to defend against the charge at his revocation hearing. It contends that notice and opportunity to be heard were afforded Gausman pursuant to the procedures mandated by Neb. Rev. Stat. §§ 84-913 and 84-914 (Reissue 1987) of the Administrative Procedure Act and § 39-669.15. The department claims that together, these statutory

procedures ensured that Gausman's minimum due process rights would be provided throughout the administrative license revocation hearing process.

The department also asserts that a party who is not prejudiced by an agency's failure to adopt comprehensive rules governing the conduct of an administrative hearing is not entitled to a reversal of the agency's decision. It argues that Gausman has neither asserted nor demonstrated that he was prejudiced by any of the regulations contained in 247 Neb. Admin. Code, ch. 1, which were utilized at his revocation hearing and argues that to the extent the rules and regulations were a restatement of the existing principle or mandate, those regulations were not required to be on file with the Secretary of State to be fully effective. We find that these arguments ignore the plain meaning of § 84-906. No rule or regulation is valid until after it has been filed with the Secretary of State.

It is undisputed that the department had not adopted the necessary rules and regulations and had not filed them at the time of Gausman's revocation hearing. Therefore, the department had no valid rules or regulations regarding administrative license revocation hearings in effect at that time.

Although the department claims it complied with procedural due process by affording Gausman timely notice of the hearing, an opportunity to refute or defend against the charge, an opportunity to confront and examine adverse witnesses, and a hearing before an impartial decisionmaker, the department's failure to comply with § 84-906 is a denial of due process. The department held a revocation hearing and proceeded against Gausman using rules and regulations which it had failed to file with the Secretary of State, as required by the Administrative Procedure Act, and which were not valid as against Gausman. Such activity does not comport with due process.

Because we find no error in the determination made by the district court, the judgment is affirmed.

AFFIRMED.

WRIGHT, J., participating on briefs.