528 N.W.2d 340 (1995)
247 Neb. 573
STATE of Nebraska ex rel. PERKINS COUNTY SCHOOL DISTRICT 65, also known as Venango Public School District, et al., Appellants,
v.
The COUNTY SUPERINTENDENT OF SCHOOLS OF PERKINS COUNTY, Nebraska, et al., Appellees.
No. S-93-1032.
Supreme Court of Nebraska.
March 10, 1995.
*341 Robert S. Harvoy and R.K. O'Donnell, of McGinley, Lane, Mueller, O'Donnell & Reynolds, P.C., Ogallala, for appellants.
Lori Zeilinger, Perkins County Atty., and, on brief, Patrick R. McDermott, Grant, for appellees.
WHITE, C.J., and CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, and CONNOLLY, JJ., and BOSLAUGH, J., Retired.
CAPORALE, Justice.
Purporting to act under the provisions of Neb.Rev.Stat. § 79-516.08(3) (Reissue 1994), the respondent-appellee county superintendent of schools of Perkins County, Nebraska, entered an order converting the relator-appellant Perkins County School District 65, also known as the Venango Public School District, from a Class II school district to a Class I school district. Venango and certain of its residents and taxpayers thereafter filed an action in the district court seeking, among other things, a declaration that the superintendent's order was unlawful and thus void. The district court determined otherwise and entered judgment declaring said order to be valid and proper in all respects. Asserting that the district court's judgment is erroneous, the relators thereafter successfully petitioned this court for leave to bypass the Nebraska Court of Appeals. We now reverse the judgment of the district court.
This action inquires into the meaning of § 79-516.08(3); more specifically, the question is whether, under the facts presented, the statute authorizes the superintendent's order. The meaning of a statute is a question of law, in connection with which a reviewing court has an obligation to reach a conclusion independent of that of the inferior court. In re Application of City of Grand Island, 247 Neb. 446, 527 N.W.2d 864 (1995).
In order to understand § 79-516.08, we must first look to Neb.Rev.Stat. § 79-102 (Reissue 1994), which defines school districts as being Class I through VI either on the basis of the grades maintained by the school district or on the basis of the *342 grades maintained and the population within the territory encompassed by the school district. Grades are delineated in Neb.Rev. Stat. § 79-101 (Reissue 1994) as elementary, being grades kindergarten through eighth; and as high school, being all grades above eighth. A Class I school district maintains only elementary grades under the direction of a single school board, § 79-102(1); a Class II school district has a population of 1,000 or less and maintains both elementary and high school grades under the direction of a single board, § 79-102(2).
The relevant portions of § 79-516.08 read:
(1) Commencing with the 1992-93 school year, if the fall school district membership or the average daily membership of an existing Class II ... school district shows less than thirty-five students in grades nine through twelve, the district shall submit a plan for developing cooperative programs with other high schools, including the sharing of curriculum and certificated and noncertificated staff, to the county committee for the reorganization of school districts of the county in which the school district is located. The cooperative program plan shall be submitted by the school district by September 1 of the year following such fall school district membership or average daily membership report. A cooperative program plan shall not be required if there is no high school within fifteen miles from such district on a reasonably improved highway. The county committee shall review the plan and provide advice and communication to such school district and other high schools.
(2)(a) If for two consecutive years the fall school district membership, or for two consecutive years the average daily membership, of an existing Class II ... school district is less than twenty-five pupils in grades nine through twelve or if for one year an existing Class II ... school district contracts with a neighboring school district or districts to provide educational services for all of its pupils in grades nine through twelve, such school district shall, except as provided in subsection (3) of this section, become a Class I school district through the order of the county superintendent if the high school is within fifteen miles on a reasonably improved highway of another high school.
(b) During the second consecutive year an existing Class II ... school district has less than twenty-five pupils in grades nine through twelve pursuant to subdivision (a) of this subsection and if the high school is within fifteen miles on a reasonably improved highway of another high school, any freeholder or freeholders, person in possession or constructive possession as vendee pursuant to a contract of sale of the fee, holder of a school land lease ... or entrant upon government land who has not yet received a patent therefor may file a petition with a board consisting of the county superintendent, county clerk, and county treasurer, asking to have any tract or tracts of land described in the petition set off from a Class II ... school district as described in such subdivision in which it is situated and attached to an accredited district in the same county or an adjoining county thereto....
....
(3) Any Class II ... school district maintaining a four-year high school which has a fall school district membership or an average daily membership of less than twenty-five students in grades nine through twelve may contract with another school district to provide educational services for its pupils in grades nine through twelve. Such contract may continue for a period, not to exceed one year. At the end of such one-year period, the school district may resume educational services for grades nine through twelve if the average daily membership in grades nine through twelve for such school district has reached at least fifty students. If the school district has not achieved such fall school district membership or average daily membership, it shall become a Class I school district as prescribed in subsection (2) of this section.
The superintendent based her order on her findings that Venango, a Class II school district, had contracted all of its high school students to neighboring school districts for the 1992-93 academic year and that the *343 expected student population for those high school grades would be less than 50 students for the 1993-94 academic year. The superintendent admitted, however, that Venango "is not within fifteen (15) miles of another high school on a reasonably improved highway."
The issue is whether § 79-516.08(3) stands alone or whether it must be read in conjunction with § 79-516.08(2)(a). If subsection (3) stands alone, the superintendent was correct in issuing her order; if subsection (3) does not stand alone, she was wrong, because Venango is not within the specified proximity to another high school on a reasonably improved highway.
In construing a statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense. In re Application of City of Grand Island, 247 Neb. 446, 527 N.W.2d 864 (1995); In re Application of Jantzen, 245 Neb. 81, 511 N.W.2d 504 (1994). It is not within the province of a court to read a meaning into a statute that is not warranted by legislative language; neither is it within the province of a court to read anything plain, direct, and unambiguous out of a statute. Sorensen v. Meyer, 220 Neb. 457, 370 N.W.2d 173 (1985). Effect must be given, if possible, to all the several parts of a statute; no sentence, clause, or word should be rejected as meaningless or superfluous if it can be avoided. NC+ Hybrids v. Growers Seed Assn., 219 Neb. 296, 363 N.W.2d 362 (1985).
Subsection (2)(a) of the statute under consideration provides two situations under which an existing Class II school district shall become, through the order of the county superintendent, a Class I school district. The first is when for 2 consecutive years the membership for the high school grades is less than 25 pupils. The second is when, unless subsection (3) applies, an existing Class II school district contracts with a neighboring school district or districts to provide educational services for all its high school students for a year. However, in either situation, the conversion is conditioned on there being another high school on a reasonably improved highway which is within 15 miles of the Class II school district's existing high school.
In contrast, subsection (3) enumerates the criteria under which a Class II school district may contract with another school district and under what circumstances a school district that has chosen to so do may resume providing high school educational services. More specifically, subsection (3) provides an exception to the language of subsection (2)(a) which requires that a Class II school district which contracts for the education of its high school students for a year shall be thereafter converted to a Class I school district. The exception is if within the year the contracting school district's high school membership reaches at least 50. However, the language of subsection (3), providing that if the high school membership does not reach at least 50 the contracting Class II school district shall become a Class I school district "as prescribed in subsection (2)," makes subsection (3) conversions subject to the same condition as are subsection (2)(a) conversions, namely, that there be in existence another high school within 15 miles on a reasonably improved highway. Such reading of subsection (3) is consistent with the condition imposed in subsections (1) and (2)(b) and is thus in conformance with the legislative intent expressed by the entire language of § 79-516.08, considered in its plain, ordinary, and popular sense.
That condition not having been satisfied, the superintendent's order is unlawful, void, and of no force and effect.
Accordingly, as presaged in the first paragraph of this opinion, the judgment of the district court is reversed.
REVERSED.