GEORGE ROSE & SONS SODDING AND GRADING CO., APPELLANT,
v. NEBRASKA DEPARTMENT OF REVENUE, APPELLEE.

532 N.W.2d 18

Filed May 26, 1995.   No. S-93-963.

David A. Domina and Denise E. Frost, of Domina & Copple, P.C., for appellant.

Don Stenberg, Attorney General, and L. Jay Bartel for appellee.

White, C.J., Caporale, Fahrnbruch, Lanphier, Wright, and Connolly, JJ.

Connolly, J.

George Rose & Sons Sodding and Grading Co. (the company) appeals the Lancaster County District Court's decision to affirm an order by the State Tax Commissioner which sustained deficiency assessments for sales and use taxes against the company. We affirm because the company is a "retailer" for the purposes of the Nebraska sales and use tax statutes.

## I. FACTUAL BACKGROUND

The company is an Omaha–based landscaping partnership. In the course of its business, the company subcontracts with building contractors to cultivate sod, trees, and flowers into homeowners' land, as well as grading and installing landscaping materials such as railroad ties. The company's primary customers are general building contractors, though occasionally the company did work for individual homeowners. Generally, the company did not pay a sales tax on the sod that it purchased from its supplier and did not remit a use tax when it stored or installed the sod. The company never held a sales tax permit and does not collect or remit sales tax on any of the sod it installs.

In July 1991, the Nebraska Department of Revenue (Department) informed the company that the Department planned to conduct an audit regarding the company's tax liabilities. On July 31, 1991, the Department informed Rosie Rose, a co–owner of the company, that she needed to select one of three options regarding the information upon which the audit would be performed. Rose chose to have the Department

conduct the audit based on the company's income tax returns rather than provide the company's business records. The Department audit resulted in the company being served with a notice of deficiency determination in the amount of $61,426.

Subsequent to the first audit, the company filed a protest petition and made its business records available to the Department. Based on the business records, the Department conducted a second audit, which resulted in two notice of deficiency determinations: one in the amount of $7,094 for the period from July 1, 1986, through December 31, 1988, and a second in the amount of $5,413 for the period from January 1, 1989, through September 30, 1991, for a total deficiency of $12,507.

On June 8, 1992, the company filed a second protest petition. The Department conducted a hearing on September 15, 1992, in Lincoln, Nebraska. Rose represented the company at the hearing pro se. The Department presented updated evidence reflecting the company's total deficiency liability through September 25, 1992. The updated evidence included unpaid sales and use tax and accrued interest on the company's deficiency since the most recent notice of deficiency determination, as well as credits for sales and use taxes that the company paid. The updated deficiency information totaled $11,216.

The hearing officer issued a "recommended decision and order" finding that the Department's deficiency determination accurately reflected the company's tax liability. The hearing officer concluded that the sale and incorporation of live plants into real estate is a retail sale subject to the Nebraska sales tax. The Tax Commissioner adopted the hearing officer's findings, and the district court affirmed the Tax Commissioner's decision.

## II. ASSIGNMENTS OF ERROR

The company contends that (1) the sales and use tax was unconstitutionally applied to the company and (2) the Department's assessment of sales and use tax was not supported by the evidence.

## III. STANDARD OF REVIEW

Proceedings for review of a final decision of an administrative agency shall be to the district court, which shall conduct the review without a jury de novo on the record of the agency. *Abbott v. Department of Motor Vehicles*, 246 Neb. 685, 522 N.W.2d 421 (1994); *Gausman v. Department of Motor Vehicles*, 246 Neb. 677, 522 N.W.2d 417 (1994). On an appeal under the Administrative Procedure Act, an appellate court reviews the judgment of the district court for errors appearing on the record and will not substitute its factual findings for those of the district court where competent evidence supports those findings. *Slack Nsg. Home v. Department of Soc. Servs.*, 247 Neb. 452, 528 N.W.2d 285 (1995); *Wagoner v. Central Platte Nat. Resources Dist.*, 247 Neb. 233, 526 N.W.2d 422 (1995); *Abdullah v. Nebraska Dept. of Corr. Servs.*, 245 Neb. 545, 513 N.W.2d 877 (1994). When reviewing an order of a district court under the Administrative Procedure Act for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Wagoner, supra*; *Sunrise Country Manor v. Neb. Dept. of Soc. Servs.*, 246 Neb. 726, 523 N.W.2d 499 (1994); *Abbott, supra.*

As to questions of law, an appellate court has an obligation to reach a conclusion independent from a trial court's conclusion in a judgment under review. *Unland v. City of Lincoln*, 247 Neb. 837, 530 N.W.2d 624 (1995); *Winslow v. Hammer*, 247 Neb. 418, 527 N.W.2d 631 (1995); *In re Guardianship & Conservatorship of Bloomquist*, 246 Neb. 711, 523 N.W.2d 352 (1994).

## IV. ANALYSIS

### 1. Applicable Statutes

(a) Difference Between "Retailers" and "Contractors"

The primary issue in the case at bar is whether the company is a "retailer" or a "contractor" for the purpose of the sales tax statutes.

A retailer is responsible for collecting the sales tax from consumers on each sale the retailer makes. The sales tax collected constitutes a debt owed by the retailer to the state.

Neb. Rev. Stat. § 77–2703(1)(a) (Cum. Supp. 1994). Therefore, the retailer is responsible for remitting the sales tax to the state. The gross receipts of a retailer's sales are taxed at a rate of 5 percent. Neb. Rev. Stat. §§ 77–2701.02 (Reissue 1990) and 77–2703(1).

A contractor, as opposed to a retailer, can elect to be treated in one of three ways for sales tax purposes: (1) as a retailer, (2) as a consumer of property annexed to real estate who pays the sale tax or remits the use tax at the time of purchase and maintains a tax–paid inventory, or (3) as a consumer of property annexed to real estate who issues a resale certificate when purchasing property that will be annexed to real estate and remits the appropriate use tax when the property is withdrawn from inventory. Neb. Rev. Stat. § 77–2702.05(1) through (3) (Cum. Supp. 1994). When a contractor elects to pay a use tax under either the second or third option, the rate charged is the same as the sales tax rate in effect at the time of the taxable transaction. § 77–2703(2). The ultimate consumer does not pay sales tax to the seller when the seller is a contractor who elects to pay the use tax.

(b) Expansion of Definition of "Retail Sales"

Prior to 1987, any person who incorporated tangible personal property into real estate (including sod and live plants) was considered a contractor for the purposes of the Nebraska sales and use tax. Neb. Rev. Stat. § 77–2702(3) (Reissue 1986). Apparently, due to a misunderstanding of the application of § 77–2702(3), most landscapers and nurseries that incorporated live plants into real estate in Nebraska considered themselves to be retailers and charged and collected sales tax from their customers. This practice was improper because those landscapers and nurseries were defined as contractors under the statute. In 1987, Senator Jerome Warner introduced L.B. 287 to change the law to reflect the current practices:

> The current *practice* (due to apparently a longstanding misunderstanding of what the law provided) is for nurseries to charge a sales tax on both (1) plants sold to the customer in the nurseries and (2) plants incorporated into the customer's real estate by the nursery on behalf of

the customer. This bill would allow the practice to continue. Enforcement of what is apparently the current *law* would result in an unreasonable administrative burden for the nurseries, for they would have to keep separate inventories for plants sold in the store (where the customer would pay the sales tax as the ultimate consumer) and plants which they plant for the customer (where the nursery would pay sales tax only on the seedlings it had originally purchased from wholesalers).

Statement of Purpose, L.B. 287, Committee on Revenue, 90th Leg., 1st Sess. (Feb. 11, 1987).

The passage of L.B. 287 is reflected in the current definitions of "retail sale" and "contractor" in the sales and use tax statutes. Neb. Rev. Stat. § 77-2702.13(1)(e) (Cum. Supp. 1994) (formerly § 77-2702(10)(c)), provides the current definition of "retail sale": "Retail sale or sale at retail shall mean . . . [a] sale of live plants incorporated into real estate except when such incorporation is incidental to the transfer of an improvement upon real estate or the real estate." Neb. Rev. Stat. § 77-2702.05 (Cum. Supp. 1994) (formerly § 77-2702(3)), provides the current definition of "contractor": "Contractor or repairperson shall not include any person who incorporates live plants into real estate except when such incorporation is incidental to the transfer of an improvement upon real estate or the real estate."

In the case at bar, the company claims that it is a contractor for the purposes of §§ 77-2702.13(1)(e) and 77-2702.05, that the Department deprived it of its opportunity to elect its method of taxation, and that the Department's decision resulted in the company being taxed twice for the same materials. Furthermore, the company contends that the Department, as affirmed by the district court, unconstitutionally applied §§ 77-2702.13(1)(e) and 77-2702.05 retroactively to the company and that the Department did not give the company adequate notice of the tax consequences of those statutes.

## 2. "RETAILER" v. "CONTRACTOR"

### (a) Parties' Arguments

As stated above, the primary issue in the case at bar is

whether the company is a retailer or a contractor for the purposes of §§ 77-2702.05 and 77-2702.13. The Department contended that the company is a retailer because its business as a subcontractor consists of selling "live plants incorporated into real estate." The company responded by arguing that it is a contractor because its sales of live plants incorporated into real estate are "incidental to the transfer of an improvement upon real estate."

The meaning of a statute is a question of law, and a reviewing court is obligated to reach its conclusions independent of the determination made by the administrative agency. *Slack Nsg. Home v. Department of Soc. Servs.*, 247 Neb. 452, 528 N.W.2d 285 (1995); *Sunrise Country Manor v. Neb. Dept. of Soc. Servs.*, 246 Neb. 726, 523 N.W.2d 499 (1994); *Central Platte NRD v. State of Wyoming*, 245 Neb. 439, 513 N.W.2d 847 (1994). When asked to interpret a statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense. *State ex rel. Perkins Cty. v. County Superintendent*, 247 Neb. 573, 528 N.W.2d 340 (1995); *In re Application of City of Grand Island*, 247 Neb. 446, 527 N.W.2d 864 (1995); *In re Guardianship & Conservatorship of Bloomquist*, 246 Neb. 711, 523 N.W.2d 352 (1994).

(b) Meaning of "Incidental to the Transfer of an Improvement Upon Real Estate."

In order to determine whether the company is a retailer or contractor under the sales tax statutes, we must decide what the Legislature intended when it excluded the sales of live plants incorporated into real estate "incidental to the transfer of an improvement upon real estate" from the definition of "retail sale." In settling upon the meaning of a statute, an appellate court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense, it being the court's duty to discover, if possible, the Legislature's intent from the language of the statute itself. *State ex rel. Scherer v. Madison Cty. Comrs.*, 247 Neb. 384, 527 N.W.2d 615 (1995); *Anderson v. Nashua Corp.*, 246 Neb. 420, 519

N.W.2d 275 (1994); *In re Application of Jantzen*, 245 Neb. 81, 511 N.W.2d 504 (1994).

We hold that the company is a retailer, not a contractor, under §§ 77-2702.05 and 77-2702.13. The company contends that it should be classified as a contractor because when it lays sod for a landscaping project, it is improving the real estate. The company's reasoning goes something like this: The company's business is incorporating sod into real estate. When the company incorporates sod into real estate, it is improving the real estate. Therefore, for the purposes of the sales and use tax statutes, the company's business involves the sale of live plants incorporated into real estate incidental to the transfer of an improvement upon real estate.

The problem with the company's reading of the statutory language is that it provides no distinction between a "sale of live plants incorporated into real estate" and a "sale of live plants incorporated into real estate *incidental to the transfer of an improvement upon the real estate.*" Clearly, the latter requires more than merely incorporating live plants into real estate.

Effect must be given, if possible, to all the several parts of a statute; no sentence, clause, or word should be rejected as meaningless or superfluous if it can be avoided. *State ex rel. Perkins Cty. v. County Superintendent*, 247 Neb. 573, 528 N.W.2d 340 (1995); *Wilson v. Misko*, 244 Neb. 526, 508 N.W.2d 238 (1993). The company's reading of §§ 77-2702.05 and 77-2702.13 would render at least one clause in those statutes meaningless because it provides no distinction between two types of incorporation of live plants into real estate. The only reasonable reading of §§ 77-2702.05 and 77-2702.13 which gives effect to each clause in the statutory language requires that the phrase "incidental to the transfer of an improvement upon the real estate" be limited to sales conducted by general building contractors who incorporate live plants into the real estate incidental to the other home improvements provided by the builder. The company is not a general building contractor and therefore does not incorporate live plants incidental to the transfer of an improvement upon real estate. Landscapers who specialize in incorporating live plants, like the company, are engaged in "retail sales" under the statutes.

Our decision with regard to the distinction between a "sale of live plants incorporated into real estate" and a "sale of live plants incorporated into real estate incidental to the transfer of an improvement upon the real estate" finds support in the legislative history of L.B. 287:

> LB 287 would exclude from the definition of "contractor or repairperson" any person who incorporates *live plants* into real estate, except where the incorporation is incidental to the transfer of an improvement upon the real estate. The effect of LB 287 would be to impose the retail sales tax upon landscaping performed by nurseries and sodgrowers. (Homebuilders who landscape new homes, incidental to other home improvements, would continue to be considered a "contractor" and such activities would not be a retail sale.)

Statement of Purpose, L.B. 287, Committee on Revenue, 90th Leg., 1st Sess. (Feb. 11, 1987).

> [T]he bill [L.B. 287] removes the sales tax exemptions for improvements to real estate where the improvement is a living plant, thus the people to whom the trees are sold pay the sales tax as, in fact, it is currently being done. . . . As the bill is drafted, live plants would include grass, so in case of sod installers . . . there would be a sales tax applied the same as a tree. . . . In the case of home builders who do landscaping, this problem is addressed in the bill by further limiting the new provisions so landscaping incidental to the real estate improvement is still not taxed.

Floor Debate, L.B. 287, Committee on Revenue, 90th Leg., 1st Sess. 1410–11 (Mar. 4, 1987).

We hold that a contractor, like the company, who incorporates live plants, including sod, into real estate is a retailer for sales tax purposes under §§ 77-2702.05 and 77-2702.13. The exception to the definition of "retail sale," encompassing those who conduct "sales of live plants incorporated into real estate incidental to the transfer of an improvement upon the real estate," is limited to general building contractors who perform landscaping services incidental to other home improvements.

## 3. Constitutional Questions

### (a) Retroactive Application of Statutes

The company claims that even if it became a "retailer" with the passage of L.B. 287, the Department applied the precepts of that law retroactively in figuring the company's tax deficiency. L.B. 287 passed with the emergency clause and became operative on April 1, 1987. 1987 Neb. Laws, L.B. 287. The record clearly reflects that the Department did not charge the company with any sales tax deficiency prior to May 1987. Rather, all tax deficiency for the period from July 1986 until April 1987 was classified as use tax. As noted above, contractors are required to pay a use tax on certain inventory, depending on how they elect to have that inventory taxed. Nothing in the record indicates that the Department's use tax assessments on the company for the period from July 1986 to April 1987 were improper. Therefore, the company's arguments regarding retroactive application of the statutes are without merit.

### (b) Inadequate Notice

The company contends that the Department violated the company's due process rights by construing the language of §§ 77-2702.05 and 77-2702.13 in a manner contrary to the plain language contained therein and by failing to promulgate rules and regulations explaining the new conditions imposed by the Department's allegedly contrary interpretation. Specifically, the company claims that the Department interpreted §§ 77-2702.05 and 77-2702.13 as excluding sod from the definition of "live plants" in the statutes. Such an interpretation would have constituted a direct affront to the legislative history of the statutes.

We find no support in the record for the company's contention that the Department excluded sod from the definition of "live plants." How the company came to that conclusion, given the tax deficiency assessment reached by the Department, is inexplicable. It is clear from the record that the Department treated sod as "live plants" throughout the instant proceedings. The Department is not required to issue rules and regulations in order to enforce clear statutory language. This argument is without merit.

## 4. APPLICATION OF §§ 77–2702.05 AND 77–2702.13

### (a) Statutory Election

The company argues that the Department wrongfully prevented it from electing its method of taxation, as the company claims it should have been allowed to do under § 77–2702.05. We held that the company is a retailer, not a contractor, for the purposes of the sales tax statutes. Under § 77–2702.05, only contractors are allowed to elect their taxation scheme. Retailers must remit sales tax to the state in the uniform manner provided in § 77–2703. Therefore, this assignment of error is without merit.

### (b) Double Taxation

Finally, the company contends that the record reflects that the Department charged the company twice for certain tax liabilities. The company refers to the testimony of Department audit supervisor Debra Gusak, who admitted that in some instances, the Department assessed both a sales tax and a use tax because the company's records were either nonexistent or inadequate to properly classify the tax liability. However, in reviewing the Tax Commissioner's decision, we note that the commissioner recommended that those items that were assessed both a use tax and a sales tax be assessed as sales tax, and ordered the corresponding use tax eliminated from the Department's assessments. That decision eliminated any merit to the company's double taxation arguments.

## V. CONCLUSION

The company is a retailer for the purposes of the sales and use tax statutes. See §§ 77–2702.05 and 77–2702.13. The Department did not apply the precepts of those provisions retroactively and did not need to promulgate any regulations as a prerequisite to enforcement of the statutes. The company had no right to elect its method of taxation under § 77–2702.05(1) through (3), and the Department did not double-tax the company.

AFFIRMED.