JUVENTINO L. GARCIA, APPELLEE, V. NEBRASKA DEPARTMENT OF MOTOR VEHICLES, APPELLANT.

533 N.W.2d 911

Filed June 23, 1995. No. S-93-748.

Don Stenberg, Attorney General, Jay C. Hinsley, and, on brief, Lauren L. Hill for appellant.

Ralph A. Bradley, of Bradley, Maser & Kneale, P.C., for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, and CONNOLLY, JJ.

CONNOLLY, J.

The Department of Motor Vehicles (Department) appeals the district court's ruling ordering the Department to reinstate the driver's license of Juventino L. Garcia. The Department failed to make a determination of the issues within 7 days of the hearing on Garcia's appeal, as required by Neb. Rev. Stat. § 39–669.15(7) (Cum. Supp. 1992). The district court found that the provision of the statute which states that the director of the Department of Motor Vehicles "shall make a determination of the issues within seven days after the conclusion of the hearing" was mandatory and ordered the Department's revocation of Garcia's driver's license reversed. The Department appealed, assigning as error the district court's finding that the 7–day rule is mandatory rather than directory. We do not reach the Department's assigned error because we conclude that the revocation was invalid due to the Department's failure to file the rules and regulations governing administrative hearings with the Secretary of State prior to Garcia's hearing. For the reasons stated below, we affirm the ruling of the district court.

## BACKGROUND

Garcia was arrested by a Hall County deputy sheriff for driving under the influence of alcohol on January 31, 1993. Garcia's driver's license was subject to administrative

revocation by the Department under Neb. Rev. Stat. § 39–669.15 through § 39–669.18 (Cum. Supp. 1992). Accordingly, the arresting officer took Garcia's driver's license, and Garcia was issued a temporary license which was valid for 30 days.

On February 3, Garcia requested that an administrative hearing be held to contest the revocation. The hearing was conducted on February 17 before the director of the Department. Garcia's temporary driver's license expired on March 2. On March 6, Garcia filed a motion to dismiss the administrative proceeding due to the director's failure to issue an order within 7 days of the hearing, as required in § 39–669.15(7). That section provides, among other things, that "[t]he director shall make a determination of the issues within seven days after the conclusion of the hearing." The director issued an order on March 8, revoking Garcia's license effective March 3. On March 10, the Department denied Garcia's motion to dismiss.

Garcia filed a petition in the district court pursuant to the Administrative Procedure Act, Neb. Rev. Stat. §§ 84–901 through 84–920 (Reissue 1987 & Cum. Supp. 1992), seeking a review of the director's order. On April 1, 1993, the district court stayed the revocation. A hearing was conducted on July 1, and later that month the district court ruled that the revocation order should be reversed. The district court found that the language of § 39–669.15(7) was not directory, but was mandatory, and that the decision of the director did not meet the requirements of that statute. The Department appeals.

## ASSIGNMENTS OF ERROR

The Department argues that the trial court erred in finding that § 39–669.15(7) created a mandatory duty and in ordering the reversal of the revocation order. We do not reach this assignment of error. Assuming, arguendo, that the Department is correct and that the 7–day rule is directory, the revocation is still invalid because the Department's rules and regulations governing its administrative hearings were not in effect at the time of Garcia's hearing.

## STANDARD OF REVIEW

In an appeal under the Administrative Procedure Act, the appeal shall be taken in the manner provided by law for appeals in civil cases, and the judgment rendered or final order made by the district court may be affirmed, reversed, vacated, or modified for errors appearing on the record. *Twiss v. Trautwein*, 247 Neb. 535, 529 N.W.2d 24 (1995); *Wagoner v. Central Platte Nat. Resources Dist.*, 247 Neb. 233, 526 N.W.2d 422 (1995); *Abbott v. Department of Motor Vehicles*, 246 Neb. 685, 522 N.W.2d 421 (1994).

## ANALYSIS

In his petition to the district court, Garcia claimed that the rules and regulations governing notice and hearings pursuant to the license revocation statute were not on file with the Secretary of State at the time of the hearing. Nothing in the record indicates when the rules and regulations were filed with the Secretary of State. No rule or regulation of any agency shall be valid as against any person until 5 days after such rule or regulation has been filed with the Secretary of State. *Abbott, supra*; *Gausman v. Department of Motor Vehicles*, 246 Neb. 677, 522 N.W.2d 417 (1994).

In *Gausman*, we judicially determined that, as of February 18, 1993, the rules and regulations which governed the conduct of revocation hearings had not been filed with the Secretary of State. We also determined that because the rules and regulations had not been filed, the revocation of a license following a hearing held prior to that date was invalid.

## CONCLUSION

Garcia's administrative hearing was held on the day preceding the hearing held in *Gausman*. Therefore, we find, as we did in *Gausman*, that the actions of the Department did not comport with due process and that the order of revocation should be reversed.

We find that the district court reached the correct result and affirm its judgment.

AFFIRMED.