REQUESTED BY: Deborah R. Gilg, Keith County Attorney
This is in response to your request for an opinion of the Attorney General relating to a matter of revenue and budgeting. The specific question you ask is whether two political subdivisions, a county and a city, may both "use the cost of an interlocal program or service under the $.05 percent exclusion" provided by LB 1114 (Laws 1996). By way of background, you relate that the city of Ogallala and the county of Keith share the cost of a criminal investigator and that the official is a county employee for administrative purposes.
It is our opinion that the city and the county are authorized to levy up to five cents per one hundred dollars of taxable value of property subject to levy by the city and the county for financing the costs of the interlocal agreement program. For purposes of responding to your inquiry, we have assumed that the mutual arrangement you describe has been formalized in an agreement pursuant to the provisions of the Interlocal Cooperation Act, Neb. Rev. Stat. §§ 13-801 to 13-827 (1997).
The provisions of section one of LB 1114 (codified at Neb. Rev. Stat. § 77-3442 (Supp. 1997)) expressly authorize a five cents levy by cities and counties for each one hundred dollars of assessed valuation of property to provide financing for their share of revenue required by an interlocal cooperation agreement. While both cities and counties have levy authority for funding interlocal programs, statutory provisions differ for cities. Cities are authorized to levy five cents in addition to their forty-five cents levy authority per one hundred dollars of taxable valuation of property. On the other hand, counties are authorized to use five cents of their fifty cents levy for funding of interlocal programs.
Neb. Rev. Stat. § 77-3442 (Supp. 1997) in particular part states:
 (6) Incorporated cities and villages may levy a maximum levy of forty-five cents per one hundred dollars of taxable valuation of property subject to the levy plus an additional five cents per one hundred dollars of taxable valuation to provide financing for the municipality's share of revenue required under an agreement executed pursuant to the Interlocal Cooperation Act.
 (8) Counties may levy or authorize a maximum levy of fifty cents per one hundred dollars of taxable valuation of property subject to the levy, except that five cents per one hundred dollars of taxable valuation of property subject to the levy may only be levied to provide financing for the county's share of revenue required under an agreement executed pursuant to the Interlocal Cooperation Act. The county may allocate up to fifteen cents of its authority to all other political subdivisions not specifically covered in this section to levy taxes as authorized by law which do not collectively exceed fifteen cents per one hundred dollars of taxable valuation on any parcel or item of taxable property. The county may allocate to one or more other political subdivisions subject to allocation of property tax authority by the county under subsection (1) of section 77-3443 some or all of the county's five cents per one hundred dollars of valuation authorized for support of an interlocal agreement to be levied by the political subdivision for the purpose of supporting that political subdivision's share of revenue required under an agreement executed pursuant to the Interlocal Cooperation Act.
(Emphasis added.)
We believe the statutory language is clear and unambiguous. In construing statutes, we must determine and give effect to the purpose and intent of the legislature as ascertained from the entire language of the statute considered in its plain, ordinary and popular sense, whenever it is possible to do so. SID No. 57v. City of Elkhorn, 248 Neb. 486, 636 N.W.2d 56 (1995); GeorgeRose Sons v. Nebraska Dept. of Revenue, 248 Neb. 92,532 N.W.2d 18 (1995). And, where there is direct and unambiguous language used in the statute, no interpretation is necessary or will be indulged to ascertain their meaning. Nebraska Life Health Ins. Guar. Ass'n v. Dobias, 247 Neb. 900, 531 N.W.2d 217
(1995).
Further, we do not believe that the fact that the officer is a county employee affects the ability of the city to include its share of the cost within its five cents levy authority for interlocal programs. It would seem that the mutual cost sharing of the city and the county for providing the service would be evidenced in the interlocal cooperation agreement entered into by the city and the county. For these reasons, it is our conclusion that both the city and the county are authorized to levy five cents per one hundred dollars of taxable valuation of property for funding their respective shares of costs required by the interlocal cooperation agreement.
Sincerely,
 DON STENBERG Attorney General
 Fredrick F. Neid Assistant Attorney General
APPROVED:
Don Stenberg
Attorney General