PAUL BALTENSPERGER, APPELLANT, V. UNITED STATES DEPARTMENT OF AGRICULTURE ET AL., APPELLEES.

548 N.W.2d 733

Filed June 7, 1996.   No. S-94-778.

Robert Wm. Chapin, Jr., for appellant.

Thomas J. Monaghan, U.S. Attorney (District of Nebraska), and Sally R. Johnson for appellees U.S. Department of Agriculture, Farmers Home Administration, and United States of America.

Donald R. Witt and Allan E. Wallace, of Baylor, Evnen, Curtiss, Grimit & Witt, for appellee First National Bank of Syracuse.

Richard H. Hoch, of Hoch & Steinheider, for appellees Baltensperger and Kreifels.

William F. Davis for appellees Stukenholtz and Volkmer.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

LANPHIER, J.

This is a quiet title action wherein appellant, Paul Baltensperger, seeks to recover eight parcels of land which he formerly owned and which were subject to a successful mortgage foreclosure in the district court for Otoe County in 1987. The appellees are lienholders involved in the foreclosure and individuals who purchased the land at the foreclosure sale. In the prior foreclosure action, Baltensperger and his wife Beverly (the Baltenspergers) appealed the order of the district court confirming the foreclosure sale to this court and asserted that the court allowed the foreclosure sale in contravention of the automatic stay imposed by their having filed petitions in the bankruptcy court. In the present quiet title action filed by Baltensperger, he now asserts the same argument in support of his contention that the foreclosure sale was void. The appellees moved for summary judgment and contended that the doctrine of res judicata barred the quiet title action. The district court sustained the motions and dismissed Baltensperger's petition. We hold that the issue presented in this action was conclusively settled by our affirmance of the judgment of the district court in the prior action and that the doctrine of res judicata applies. As there exists no genuine issue of material fact and the appellees are entitled to judgment as a matter of law, we affirm the district court's judgment.

## BACKGROUND

### MORTGAGE FORECLOSURE ACTION

On April 23, 1985, The Travelers Insurance Company (Travelers) filed a petition in the district court for Otoe County to foreclose a mortgage it held to secure a loan to the Baltenspergers. Travelers named several junior lienholders as defendants, including appellee First National Bank of Syracuse (First National) and appellee the United States, by and through the Small Business Administration and the Farmers Home Administration. Appellees Edward D. Baltensperger and

Hannelore E. Baltensperger intervened and stated that they had an interest in one of the parcels due to a written purchase option. First National filed a cross-petition seeking to foreclose its second mortgage on the Travelers land and to foreclose its first lien on two additional parcels. Ultimately, the foreclosure action involved eight parcels of land in Otoe County.

A decree was entered in the foreclosure action on February 21, 1986, finding that all eight parcels of land were subject to valid liens and providing for the sale of all eight parcels to satisfy the liens.

The Baltenspergers filed a Chapter 11 bankruptcy petition on May 9, 1986, and the automatic stay prevented the foreclosure sale from proceeding. However, the Baltenspergers entered into a stipulation with Travelers on July 30, consenting to the release of the eight parcels of land from the automatic stay.

On October 15, 1986, the U.S. Bankruptcy Court for the District of Nebraska entered an order which stated: "Upon written stipulation of the Baltenspergers and The Travelers Insurance Company ("Travelers") filed in this proceeding on the 9th day of October, 1986, it is hereby ORDERED that relief is granted from the automatic stay with respect to Real Estate described as [the eight parcels of land]."

With relief from the stay, an order of sale was entered on February 6, 1987. On March 13, the "Baltensperger Farm Partnership" filed a Chapter 11 bankruptcy petition. That same day, the Baltenspergers filed a suggestion of bankruptcy in the Otoe County District Court, and the foreclosure sale was again stayed.

Upon motions for relief from the automatic stay by Travelers and First National, the bankruptcy court entered an order granting relief on May 29, 1987, as to the eight parcels. The bankruptcy court's order stated that the Baltensperger Farm Partnership Chapter 11 filing was an apparent attempt to delay a sheriff's sale in a pending foreclosure action.

On November 6, 1987, the Otoe County District Court entered an order allowing Travelers and First National to proceed with the sheriff's sale. The sale was completed on

December 21. Purchasers included appellees Larry and Carol Volkmer, John and Rita Stukenholtz, LeRoy and Velda Kreifels, and Edward D. and Hannelore Baltensperger. In their brief, appellees Clint and Kim Kreifels state that they obtained their interest in the land from LeRoy and Velda Kreifels.

On January 27, 1988, Travelers filed an amended motion to confirm the sale. In its motion, Travelers stated that the sale was in all respects conducted in conformity with the law.

Acting pro se, the Baltenspergers filed a resistance to the amended motion to confirm the sale. The Baltenspergers asserted: Travelers failed to foreclose the debtors in possession, and therefore, the real estate remained in the bankruptcy estate; the order lifting the automatic stay as to Travelers failed to release the property from the bankruptcy estate; First National failed to receive an order lifting the automatic stay; and the Otoe County District Court lacked jurisdiction. The Baltenspergers asserted numerous other objections, such as unclean hands and fraud.

The district court confirmed the sale on February 9, 1988, and held that the sale was in all respects fairly conducted and in conformity with the law. The Baltenspergers appealed the district court's order overruling their resistance to the confirmation of the sale to this court.

When cases are interwoven and interdependent and the controversy involved has already been considered and determined by the court in the former proceedings involving one of the parties now before it, the court has a right to examine its own records and take judicial notice of its own proceedings and judgments in the former action. *Association of Commonwealth Claimants v. Moylan*, 246 Neb. 88, 517 N.W.2d 94 (1994); *Kopecky v. National Farms, Inc.*, 244 Neb. 846, 510 N.W.2d 41 (1994). We take judicial notice of our records of the Baltenspergers' first appeal, which was affirmed without opinion. *Travelers Ins. Co. v. Baltensperger*, 229 Neb. xxii (case No. 88-206, June 16, 1988).

Continuing to act pro se, the Baltenspergers perfected their appeal and assigned six errors. Inter alia, the Baltenspergers asserted that the Otoe County District Court lacked jurisdiction to conduct the foreclosure sale. The Baltenspergers argued

that the real estate was still part of the bankruptcy estate because relief from the automatic stay had not been granted to all lienholders.

In conformance with our court rules in existence at that time, the Baltenspergers requested a prehearing conference. The prehearing conference was attended by Paul Baltensperger and several of the appellees. At the prehearing conference, the issue of whether the real estate was released from the bankruptcy estate was specifically addressed. The hearing officer concluded that once the automatic stay was lifted, the foreclosure sale properly proceeded in the district court. The hearing officer rejected all of the Baltenspergers' other assignments of error and arguments.

After conducting our review, we summarily affirmed the order of the district court confirming the sale pursuant to Neb. Ct. R. of Prac. 7A(1) (rev. 1987) and dismissed Baltenspergers' appeal. Then and now, rule 7A(1) provides, in part, that an appeal can be summarily dismissed when the judgment is based on findings of fact which are not clearly erroneous or no error of law appears. See rule 7A(1) (rev. 1996).

## QUIET TITLE ACTION

This action began when Paul Baltensperger filed a petition in the Otoe County District Court seeking to quiet title to the same eight parcels of land involved in the foreclosure action. The operative pleading is Baltensperger's amended petition filed on October 26, 1993. In his petition, Baltensperger alleged that only Travelers obtained relief from the automatic stay, and therefore, the district court lacked jurisdiction to decree the foreclosure. Baltensperger named as defendants the various purchasers and lienholders described above.

On November 3, 1993, appellees Kreifels and Edward and Hannelore Baltensperger jointly moved for summary judgment. The Kreifels and Edward and Hannelore Baltensperger argued that the quiet title action was a collateral attack on a previous order of the court, that the issue was res judicata, and that the quiet title action was frivolous.

The district court granted the Kreifels and Edward and Hannelore Baltenspergers' motion for summary judgment. The court held that the foreclosure sale was not in violation of the automatic stay. The court further stated that even if the sale was in violation of the stay, the foreclosure sale was a voidable rather than void judgment and therefore not subject to collateral attack.

All of the other appellees then moved for summary judgment and also argued that the quiet title action constituted a collateral attack on the previous order of the court, that the issue was res judicata, and that the quiet title action was frivolous. On July 20, 1994, the court sustained summary judgment in favor of all the appellees.

Paul Baltensperger filed a notice of appeal to the Nebraska Court of Appeals on August 18, 1994. We removed the appeal to our docket.

## ASSIGNMENTS OF ERROR

Baltensperger asserts that the district court erred by granting the appellees' motions for summary judgment and by failing to find that all of its orders in the foreclosure action were void because the appellees did not obtain relief from the automatic stay. Baltensperger also asserts that because the appellees did not have relief from the automatic stay, the district court lacked jurisdiction over the subject matter and parties.

## STANDARD OF REVIEW

Summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Gordon v. Connell*, 249 Neb. 769, 545 N.W.2d 722 (1996); *Zion Wheel Baptist Church v. Herzog*, 249 Neb. 352, 543 N.W.2d 445 (1996); *John Markel Ford v. Auto-Owners Ins. Co.*, 249 Neb. 286, 543 N.W.2d 173 (1996).

In reviewing an order granting a motion for summary judgment, an appellate court views the evidence in a light most

favorable to the party opposing the motion and gives that party the benefit of all reasonable inferences deducible from the evidence. *Blackbird v. SDB Investments*, 249 Neb. 13, 541 N.W.2d 25 (1995); *Hearon v. May*, 248 Neb. 887, 540 N.W.2d 124 (1995); *Oliver v. Clark*, 248 Neb. 631, 537 N.W.2d 635 (1995).

## ANALYSIS

### RES JUDICATA

The doctrine of res judicata bars the relitigation of a matter that has been directly addressed or necessarily included in a former adjudication if (1) the former judgment was rendered by a court of competent jurisdiction, (2) the former judgment was a final judgment, (3) the former judgment was on the merits, and (4) the same parties or their privies were involved in both actions. *Lincoln Lumber Co. v. Fowler*, 248 Neb. 221, 533 N.W.2d 898 (1995); *Hangman v. Bruening*, 247 Neb. 769, 530 N.W.2d 247 (1995); *Wicker v. Vogel*, 246 Neb. 601, 521 N.W.2d 907 (1994).

The Otoe County District Court, a court of competent jurisdiction, entered a final judgment confirming the foreclosure sale. All of the parties or their privies present in this action were involved in the prior action. The district court ruled on the merits of Baltensperger's resistance to the confirmation of the sale and held such sale was entirely in conformance with the law. Baltensperger appealed to this court, and we summarily dismissed such appeal pursuant to Neb. Ct. R. of Prac. 7A(1) (rev. 1987), thus indicating that our decision reached the merits of the appeal although we did not deem the issues worthy of an opinion.

Any right, fact, or matter in issue and directly adjudicated upon, or necessarily involved in, the determination of an action before a competent court in which a judgment or decree is rendered upon the merits is conclusively settled by the judgment therein and cannot again be litigated between the parties and privies whether the claim or demand, purpose, or subject matter of the two suits is the same or not. *Lincoln Lumber Co. v. Fowler, supra*; *Commercial Fed. Sav. & Loan Assn. v. Matt*, 232 Neb 26, 439 N.W.2d 463 (1989).

In the prior foreclosure action and appeal, Baltensperger asserted that because relief from the automatic stay was never granted to any of the appellees, but only to Travelers, then the district court lacked jurisdiction to decree the foreclosure or confirm the sale. Baltensperger takes precisely the same position in his quiet title action. This issue was conclusively settled by our affirmance of the judgment of the district court in the prior action and the doctrine of res judicata bars the present action.

As there exists no genuine issue of material fact and the appellees are entitled to judgment as a matter of law, the district court correctly dismissed Baltensperger's petition by sustaining the appellees' motions for summary judgment.

### ATTORNEY FEES

The doctrine of res judicata rests on the necessity to terminate litigation and on the belief that a person should not be vexed twice for the same cause. *Lincoln Lumber Co. v. Fowler, supra*; *Kuskie v. Adams Bank & Trust of Madrid*, 248 Neb. 18, 531 N.W.2d 921 (1995); *Hangman v. Bruening, supra*.

In *Graham v. Waggener*, 219 Neb. 907, 367 N.W.2d 707 (1985), the appellant flagrantly ignored the doctrine of res judicata and pursued a second action and appeal. We stated that the appellant and his attorneys simply chose to ignore a fully binding adverse final judgment. We noted that such a tactic engenders disrespect for the law and unnecessarily burdens the judicial system. Accordingly, we taxed the appellees' attorney fees to the appellant.

In *Lutheran Medical Center v. City of Omaha*, 229 Neb. 802, 429 N.W.2d 347 (1988), the city of Omaha brought a second action against Lutheran Medical Center which was essentially identical to a prior action. The facts and issues involved in the second action were legally indistinguishable from the first action, the parties were the same, and the law had not changed. We held the city's second action demonstrated a disdain for common law and common sense and awarded attorney fees to the medical center.

Baltensperger and his attorney flagrantly ignored the fully binding adverse final judgment rendered in the prior foreclo-

sure action when they filed this quiet title action and pursued this appeal.

> [The] court shall award as part of its judgment and in addition to any other costs otherwise assessed reasonable attorney's fees and court costs against any attorney or party who has brought or defended a civil action that alleges a claim or defense which a court determines is frivolous or made in bad faith.

Neb. Rev. Stat. § 25-824(2) (Reissue 1995). Courts may assess attorney fees and costs upon the motion of any party or the court itself. § 25-824(4). The grant of attorney fees is subject to the discretion of the court upon consideration of such factors as provided by Neb. Rev. Stat. § 25-824.01 (Reissue 1995). For example, a court may consider the extent to which any effort was made to determine the validity of a claim before the action was asserted. § 25-824.01(1).

Only appellees Edward and Hannelore Baltensperger and the Kreifels have raised the issue in this appeal that the action was frivolous and taken in bad faith. No affidavit accompanied that motion. The record does not indicate that any motion for attorney fees was made in the district court by any party. Therefore, this appeal presents nothing for us to review regarding an attorney fee allowable in the district court. *Nebraska Pub. Emp. v. City of Omaha*, 244 Neb. 328, 506 N.W.2d 686 (1993). Moreover, any person who claims the right to an attorney fee in a civil case appealed to this court or the Court of Appeals must file a motion for the allowance of such a fee supported by an affidavit which justifies the amount of the fee sought for services in the appellate court before our mandate issues. Neb. Ct. R. of Prac. 9F (rev. 1996). The appellees have not yet done so.

## CONCLUSION

The judgment of the district court dismissing Baltensperger's petition by sustaining the appellees' motions for summary judgment is affirmed.

AFFIRMED.