RAY W. WOLGAMOTT, APPELLANT, V. ALVIN ABRAMSON, DIRECTOR, DEPARTMENT OF MOTOR VEHICLES, APPELLEE.

560 N.W.2d 859

Filed February 25, 1997.    No. A-95-1396.

Russel L. Jones, of Clough, Dawson & Piccolo, for appellant.

Don Stenberg, Attorney General, and Jonathan B. Robitaille for appellee.

HANNON, MUES, and INBODY, Judges.

MUES, Judge.

Ray W. Wolgamott appeals the order of the district court which upheld the administrative order by Alvin Abramson, director of the Department of Motor Vehicles (DMV), of revocation of Wolgamott's operator's license and operating privileges. For the reasons cited below, we affirm.

## STATEMENT OF FACTS

On June 19, 1995, at approximately 12 p.m., Officer Joel Smith of the Nebraska State Patrol arrested Wolgamott for driving under the influence of alcohol (DUI). The officer had observed Wolgamott driving slowly, weaving within the lane, crossing the centerline, and driving on the shoulder. After stopping Wolgamott, the officer read an administrative license revocation advisement form (advisory form) to Wolgamott as required by Neb. Rev. Stat. § 60-6,197(10) (Reissue 1993). Wolgamott refused to sign the advisory form or take a chemical test and was then transported to the Hitchcock County jail. Officer Smith gave Wolgamott notice of the proposed revocation the following day. Wolgamott requested an administrative hearing to contest the revocation, and an administrative hearing was held on July 3, 1995.

Following the administrative hearing, the director of the DMV revoked Wolgamott's operator's license. The advisory form was not offered at that hearing. Wolgamott appealed the director's decision to the district court for Hitchcock County. During that appeal, the district court took judicial notice of the criminal case pending in county court against Wolgamott as a result of the same incident because it contained the advisory form which had been read to Wolgamott. The court did not,

however, review the criminal file, "as that file was not a part of the record before the agency." The district court affirmed the decision of the director, and Wolgamott appeals. An appeal from Wolgamott's criminal conviction for DUI resulting from the same incident was recently before this court in a separate appeal, *State v. Wolgamott, ante* p. xxxviii (case No. A-96-619, Dec. 16, 1996). Therein, Wolgamott's sole assigned error was the excessiveness of his sentence. This court summarily affirmed his conviction and sentence in *State v. Wolgamott.*

## ASSIGNMENT OF ERROR

On appeal, Wolgamott asserts that the district court erred by finding that the record contained competent, material, and substantial evidence regarding the adequacy of the advisement given to him.

## STANDARD OF REVIEW

■ The judgment rendered or final order made by a district court in an Administrative Procedure Act appeal may be reversed, vacated, or modified by the Supreme Court or the Court of Appeals for errors appearing on the record. *Rainbolt v. State*, 250 Neb. 567, 550 N.W.2d 341 (1996); *Val-Pak of Omaha v. Department of Revenue*, 249 Neb. 776, 545 N.W.2d 447 (1996).

■ With respect to questions of law, an appellate court has an obligation to reach a conclusion independent of the trial court's determination. *Heins v. Webster County*, 250 Neb. 750, 552 N.W.2d 51 (1996); *Barry v. Tanner*, 250 Neb. 116, 547 N.W.2d 730 (1996).

## DISCUSSION

Wolgamott argues that the revocation of his license should be reversed and his license reinstated because the advisory form read to him failed to adequately advise him of the consequences of refusing to submit to a chemical test or of submitting to such a test and failing it. The Nebraska Supreme Court has held that upon requesting a motorist to submit to a chemical test, an officer must advise that motorist of all of the consequences of both refusing to submit to the test and submitting to and failing the test. See, *Smith v. State*, 248 Neb. 360, 535 N.W.2d 694 (1995);

§ 60-6,197(10). Moreover, the court has held that use of an inadequate advisory form constitutes plain error and precludes administrative license revocation. See, *Perrine v. State*, 249 Neb. 518, 544 N.W.2d 364 (1996); *Biddlecome v. Conrad*, 249 Neb. 282, 543 N.W.2d 170 (1996). See, also, *State v. Christner*, 251 Neb. 549, 557 N.W.2d 707 (1997); *State v. Emrich*, 251 Neb. 540, 557 N.W.2d 674 (1997); *State v. Hingst*, 251 Neb. 535, 557 N.W.2d 681 (1997) (explaining that chemical blood test results inadmissible in criminal prosecution when defendant not fully advised of consequences of taking test).

The advisory form read to Wolgamott was not, however, offered at the administrative hearing and does not appear in the record of this appeal. The State argues that therefore Wolgamott has failed to meet his burden to prove the invalidity of the revocation. See *McPherrin v. Conrad*, 248 Neb. 561, 537 N.W.2d 498 (1995) (concluding that it is licensee's burden to establish by preponderance of evidence why license should not be revoked once State has established prima facie case through officer's sworn report). Indeed, it is incumbent upon a party relying on evidence to meet its burden to include that evidence in the trial record and on appeal; absent such a record which supports the appeal, the decision of the trial court is to be affirmed. See, generally, *Home Fed. Sav. & Loan v. McDermott & Miller*, 243 Neb. 136, 497 N.W.2d 678 (1993); *Abboud v. Cutler*, 238 Neb. 177, 469 N.W.2d 763 (1991). The district court's taking judicial notice of the companion criminal file in hearing Wolgamott's administrative appeal is of little solace to Wolgamott because, even if proper, it was still not made part of the record before us in this appeal.

Nevertheless, the advisory form does appear in the transcript of Wolgamott's appeal to this court of his county court criminal conviction for DUI, *State v. Wolgamott, supra*. The advisory form is an attachment to a motion in limine filed in the county court criminal proceeding. Wolgamott argues that this court should take judicial notice of the advisory form appearing in the record on his criminal appeal, as we did in *McGurk v. Abramson*, 95 NCA No. 45, case No. A-94-645 (not designated for permanent publication) (*McGurk II*). The State asserts that this court is precluded from taking judicial notice because of an

order dated November 4, 1996, in which this court overruled Wolgamott's motion asking the court to take judicial notice of the record in the criminal appeal. However, Neb. Rev. Stat. § 27-201(3) and (6) (Reissue 1995) allows a court to take judicial notice whether requested or not by a party and at any stage of the proceeding. Therefore, this court is not precluded by its earlier order from taking judicial notice of the other record, if otherwise proper.

In *McGurk II*, the defendant appealed his administrative license revocation based on his allegation that the advisory form read to him did not comply with the statutory mandate of § 60-6,197(10). The district court reversed the revocation and the DMV appealed to this court. The record in this court on the director's appeal did not contain the advisory form, as it had not been offered into evidence at the revocation hearing. The advisory form was, however, part of the bill of exceptions in the separate criminal appeal arising out of the same incident. In the criminal appeal, this court found the form inadequate. *State v. McGurk*, 95 NCA No. 45, case No. A-95-162 (not designated for permanent publication) (*McGurk I*). In the administrative appeal, this court stated that it was taking judicial notice of the record in *McGurk I*, which included the advisory form and the holding in that case. In so doing, we noted that "it would be anomalous to find that the form, which was inadequate for the criminal conviction, was sufficient to revoke his license because the form was not offered into evidence at the administrative license revocation hearing." *McGurk II* at 35. The court, finding no errors appearing on the record, affirmed the decision of the lower court.

When cases are interwoven and interdependent and the controversy involved has already been considered and determined by a court in former proceedings involving one of the parties now before it, the court has the right to examine its own records and take judicial notice of its own proceedings and judgment in the prior case. *Baltensperger v. United States Dept. of Ag.*, 250 Neb. 216, 548 N.W.2d 733 (1996); *Association of Commonwealth Claimants v. Moylan*, 246 Neb. 88, 517 N.W.2d 94 (1994). However, as noted in *McGurk II*, appellate courts will not generally take judicial notice of administrative rules or

regulations; rather, it is incumbent upon the party relying on administrative rules or regulations to prove both their existence and language. See, *Sunrise Country Manor v. Neb. Dept. of Soc. Servs.*, 246 Neb. 726, 523 N.W.2d 499 (1994); *Central Platte NRD v. State of Wyoming*, 245 Neb. 439, 513 N.W.2d 847 (1994). That the advisory form is a part of the Nebraska Administrative Code pertaining to license revocation hearings is not alone sufficient to allow us to take judicial notice of the form itself.

Our decision in *McGurk II* does not compel our taking judicial notice of an advisory form merely because it appears in the transcript of a companion appeal. There are several notable distinctions between *McGurk I* and Wolgamott's criminal appeal. First, the record in *McGurk I* conclusively established, as a matter of fact, that the advisory form in question had been received in evidence in McGurk's criminal proceeding and was read to him as an advisement of the consequences of refusing or submitting to a chemical test. The record in Wolgamott's criminal appeal fails to establish that basic fact. The record in *State v. Wolgamott, ante* p. xxxviii (case No. A-96-619, Dec. 16, 1996), consists solely of the bill of exceptions of the sentencing hearing and a limited transcript; the sole assigned error in that appeal being excessiveness of sentence. The bill of exceptions fails to factually establish that the advisory form found in the transcript was ever offered or received in evidence during any stage of the criminal proceeding. That this advisory form was, as a matter of fact, read to Wolgamott as his advisement of the consequences of refusing or submitting to a test is not directly established in the record of his criminal appeal. The advisory form found in the transcript appears to suffer from the same infirmities as the advisory form used in *Smith v. State*, 248 Neb. 360, 535 N.W.2d 694 (1995), and the advisory form which we found inadequate in *McGurk I*. Nevertheless, whether this advisory form was read to Wolgamott is a factual issue of central importance, and we cannot presume that it was read to him merely because it appears in the transcript as an attachment to a pleading. Judicial notice may not be taken of disputed facts. See § 27-201.

A second distinction between *McGurk I* and Wolgamott's criminal appeal is that in the former, the inadequacy of the advisory form was central to our holding which resulted in a reversal of the criminal conviction. We made no such determination in Wolgamott's criminal appeal. As stated above, Wolgamott's criminal appeal expressly challenged only his sentence. Moreover, the record presented was not conducive to a determination of whether his DUI conviction resulted from plain error in the use of such an inadequate advisory form. Specifically, not only did that record fail to factually establish the *reading* of a defective advisory form to Wolgamott, it failed to disclose *any* of the evidence offered against Wolgamott in the bench trial on the DUI charge. Of course, without knowing what evidence was admitted in that trial, it was inappropriate for us to speculate that any evidence had been erroneously admitted or, if so, whether its erroneous admission constituted reversible error. See, e.g., *State v. Christner*, 251 Neb. 549, 557 N.W.2d 707 (1997) (stating that result of chemical test performed after inadequate advisements given was inadmissible in criminal prosecution, but erroneous admission of evidence in bench trial is reversible error only if record shows court actually made factual determination or resolved factual dispute by use of erroneously admitted evidence). Consequently, our order in *State v. Wolgamott, supra*, did not implicate the inadequacy of the advisory form found in the transcript.

The principle which we relied upon in *McGurk II* to take judicial notice of the record and of our holding in *McGurk I* provides that when cases are interwoven *and* interdependent *and* the controversy involved has already been considered and determined by the court, we have the right to examine our own records and take judicial notice of our own proceedings and judgment in the prior case. See *Baltensperger v. United States Dept. of Ag.*, 250 Neb. 216, 548 N.W.2d 733 (1996). This principle is an exception to the general rule that the court will not in one case take judicial notice of the record in another case. See *Association of Commonwealth Claimants v. Moylan*, 246 Neb. 88, 517 N.W.2d 94 (1994). The express requirements of applying this exception were clearly met in *McGurk I* and *McGurk II*. They are not present in Wolgamott's criminal appeal and his

present administrative appeal. While the two appeals are factually interwoven, they are not interdependent, that is, dependent upon one another insofar as their resolution. Moreover, as we have already stated, the propriety of any advisement given to Wolgamott was not addressed in *State v. Wolgamott, supra.* Thus, the controversy involved has not already been considered and determined in the prior proceeding as it had been in *McGurk I.* For all of the foregoing reasons, we may not take judicial notice of the advisory form found in the transcript in *State v. Wolgamott, supra.*

As previously stated, our review in this matter is for errors appearing on the record. See *Rainbolt v. State,* 250 Neb. 567, 550 N.W.2d 341 (1996). In *McGurk II,* we found no error appearing on the record as a result of the district court's reversing the defendant's revocation. Similarly, we find no error appearing on the record in the district court's decision in this case.

AFFIRMED.