RAY W. WOLGAMOTT, APPELLANT, V. ALVIN ABRAMSON, DIRECTOR,
NEBRASKA DEPARTMENT OF MOTOR VEHICLES, APPELLEE.
570 N.W. 2d 818

Filed November 21, 1997.    No. S-95-1396.

Russel L. Jones, of Clough, Dawson & Piccolo, for appellant.

Don Stenberg, Attorney General, Jonathan B. Robitaille, and Carla Heathershaw Risko for appellee.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ.

STEPHAN, J.

Ray W. Wolgamott sought judicial review under Neb. Rev. Stat. § 84-917 (Reissue 1994) of the administrative revocation of his motor vehicle operator's license by the director of the Department of Motor Vehicles (DMV) pursuant to Neb. Rev. Stat. §§ 60-6,205 to 60-6,208 (Reissue 1993). In *Wolgamott v. Abramson*, 5 Neb. App. 478, 560 N.W.2d 859 (1997), the Nebraska Court of Appeals affirmed an order of the district court for Hitchcock County upholding the administrative revocation. We granted Wolgamott's petition for further review and now affirm the decision of the Court of Appeals.

## BACKGROUND

Wolgamott was arrested in Hitchcock County on June 19, 1995, for driving under the influence of alcohol (DUI). The arresting officer read an administrative license revocation advisory form to Wolgamott as required by Neb. Rev. Stat. § 60-6,197(10) (Reissue 1993). He refused to submit to a chemical test. Wolgamott was then served with a notice of proposed administrative revocation of his operator's license pursuant to § 60-6,205(4). He requested an administrative hearing to contest the revocation.

The hearing was conducted by teleconference on July 3, 1995, before a hearing officer designated by DMV. Wolgamott and his attorney appeared and participated in the hearing. The hearing officer received exhibits, including the sworn report of the arresting officer prepared and submitted pursuant to § 60-6,205(2).

The arresting officer testified that after Wolgamott failed the field sobriety and preliminary breath tests, the officer placed Wolgamott under arrest and read the advisory form to him. When Wolgamott refused to take the chemical test, the officer transported him to the Hitchcock County jail. On cross-exami-

nation by Wolgamott's counsel, the officer testified as to when he read the advisory form to Wolgamott, but he was not questioned regarding the substantive content of the form.

Wolgamott testified at the administrative hearing but was not asked questions concerning the content of the advisory form. The form itself was not offered in evidence during the administrative hearing and therefore was not included in the record of the agency.

At the close of the hearing on July 3, 1995, the hearing officer granted the request of Wolgamott's attorney to keep the record open until noon on July 7. No additional evidence was submitted during that period, and on July 10, the director entered an order revoking Wolgamott's operator's license for 1 year, effective July 19. Wolgamott then sought review by the district court for Hitchcock County.

On July 24, 1995, Wolgamott filed an amended petition in the district court, which included the following allegations:

6. That Appellant was not properly informed that in order to reinstate his license after the expiration of the revocation period, he would have to pay a reinstatement fee. [Citation omitted.]

7. Appellant was not informed that the results of a valid chemical test could be competent evidence in any prosecution involving a [sic] driving under the influence. [Citation omitted.]

8. That the post arrest advisement form is confusing as to whether those criminal penalties attach to the crime of driving while intoxicated or the crime of refusal to submit to a test or both.

9. That there are more serious penalties including felonies which could result from a test which disclosed an illegal concentration of drug or alcohol. By limiting the listed penalties in the advisory form to convictions of driving while intoxicated, the form could be considered not only inadequate, but misleading.

On November 16, 1995, the district court conducted a hearing on the appeal by telephone conference, during which the record of the administrative proceeding was received in evidence. The court's entry on the trial docket on that date included

the following: "Court took Judicial Notice of the file and also the file in Hitchcock County Court Case #CK 95-60 for the A.L.R. Advisement form Post Arrest. Matter argued and submitted. Court takes under advisement."

On November 22, 1995, the district court made an entry on the trial docket affirming the administrative revocation, based upon a finding that the record before the agency demonstrated compliance with the law. The court also stated in this entry that it "did not review the file in Case #CK 95-60 as that file was not a part of the record before the agency." The court further noted that the appeal was governed by the Administrative Procedure Act and that its scope of review was de novo on the record of the agency.

On December 4, 1995, Wolgamott filed a motion for new trial, to which was attached a slip opinion of the decision of the Court of Appeals in *McGurk v. Abramson*, 95 NCA No. 45, case No. A-94-645 (not designated for permanent publication). In the motion for new trial, Wolgamott stated: "[A]s stated in McGurk, it would be anomalous to find that the [advisory] form, which was inadequate for the criminal conviction, was sufficient to revoke his license because the form was not offered into evidence at the administrative license revocation hearing."

The district court denied the motion for new trial, and Wolgamott appealed to the Court of Appeals, which affirmed the decision of the district court. *Wolgamott v. Abramson*, 5 Neb. App. 478, 560 N.W.2d 859 (1997). That opinion reflects Wolgamott's request that the Court of Appeals take judicial notice of the advisory form contained in the record of his appeal from his conviction for DUI, which was pending in the Court of Appeals at the same time as this appeal, and the reasons given by the Court of Appeals for declining the request.

## ASSIGNMENTS OF ERROR

In his brief filed in the Court of Appeals, Wolgamott asserted that the district court "erred in finding that the record contained competent, material, and substantial evidence regarding the adequacy of the advisement [form] given to the Appellant and erred in upholding the director's order of revocation of the Appellant's operator's license." In his petition for further

review, Wolgamott contends that the "Court of Appeals erred in finding that the Appellant had failed to meet its [sic] burden to prove the invalidity of the revocation of the Appellant's operator's license."

## SCOPE OF REVIEW

Proceedings for review of a final decision of an administrative agency shall be to the district court, which shall conduct the review without a jury de novo on the record of the agency. § 84-917(5)(a). *George Rose & Sons v. Nebraska Dept. of Revenue*, 248 Neb. 92, 532 N.W.2d 18 (1995); *Abbott v. Department of Motor Vehicles*, 246 Neb. 685, 522 N.W.2d 421 (1994). A final order rendered by a district court in a judicial review pursuant to the Administrative Procedure Act may be reversed, vacated, or modified by an appellate court for errors appearing on the record. Neb. Rev. Stat. § 84-918(3) (Reissue 1994); *Piska v. Nebraska Dept. of Soc. Servs.*, 252 Neb. 589, 567 N.W.2d 544 (1997). When reviewing an order of a district court under the Administrative Procedure Act for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *George Rose & Sons, supra; Abbott, supra.* When reviewing a question of law, an appellate court reaches a conclusion independent of the lower court's ruling. *Spencer v. Omaha Pub. Sch. Dist.*, 252 Neb. 750, 566 N.W.2d 757 (1997); *Kindred v. City of Omaha Emp. Ret. Sys.*, 252 Neb. 658, 564 N.W.2d 592 (1997).

## ANALYSIS

The basic premise of Wolgamott's appeal is that the administrative revocation of his operator's license was invalid because the advisory form which was read to him by the arresting officer was defective under our holding in *Smith v. State*, 248 Neb. 360, 535 N.W.2d 694 (1995), which was decided after the administrative hearing in this case but a few days prior to entry of the administrative revocation order. However, the advisory form read to Wolgamott does not appear in the record of the administrative hearing or in the record of appellate review of the revocation order by the district court and the Court of Appeals. On appeal to this court, Wolgamott contends that the

lower courts should have taken judicial notice of the advisory form which is contained in the file relating to his criminal conviction for DUI arising out of the same events which led to the administrative revocation of his operator's license. We disagree.

Under Neb. Evid. R. 201(2), Neb. Rev. Stat. § 27-201(2) (Reissue 1995), a court may take judicial notice of "adjudicative facts" which are not subject to reasonable dispute, either because they are "(a) generally known within the territorial jurisdiction of the trial court or (b) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." As a general rule, judicial notice of such facts may be taken at any stage of the proceeding, whether requested by a party or not. § 27-201(3) and (6). Adjudicative facts are those which affect the determination of a controverted issue in litigation. *State v. Vejvoda*, 231 Neb. 668, 438 N.W.2d 461 (1989). " 'When a court or an agency finds facts concerning the immediate parties—who did what, where, when, how, and with what motive or intent—the court or agency is performing an adjudicative function, and the facts so determined are conveniently called adjudicative facts. . . .' " *Id.* at 675, 438 N.W.2d at 467 (quoting Kenneth C. Davis, *Judicial Notice*, 55 Colum. L. Rev. 945 (1955)).

In this case, the district court initially stated that it would take judicial notice of the advisory form contained in the file of Wolgamott's DUI case then pending before it, but subsequently reversed itself and held that it could not take judicial notice of the advisory form because it was not included in the record upon which DMV had made the administrative revocation decision. This was a correct interpretation of the district court's obligation under § 84-917(5)(a) to review the administrative order "de novo on the record of the agency."

In reviewing final administrative orders under the Administrative Procedure Act, the district court functions not as a trial court but as an intermediate court of appeals. See *Booker v. Nebraska State Patrol*, 239 Neb. 687, 477 N.W.2d 805 (1991). Its function is not to gather adjudicative facts, but, rather, to review the action taken by an administrative agency on the basis of the adjudicative facts contained in the record made in the administrative proceeding.

Judicial notice of an adjudicative fact "is a species of evidence." *State v. Vejvoda*, 231 Neb. at 676, 438 N.W.2d at 468. The Administrative Procedure Act does not authorize the district court's reviewing the decision of an administrative agency to receive additional evidence, whether by judicial notice or other means. The act clearly contemplates that all findings of fact are to be made in the initial instance by the agency. It provides that "[i]f the [district] court determines that the interest of justice would be served by the resolution of any other issue not raised before the agency, the court may remand the case to the agency for further proceedings." § 84-917(5)(b). There is nothing in the record to indicate that Wolgamott requested the district court to remand his case to DMV for consideration of the sufficiency of the advisory form, and he has not assigned error in this regard.

We acknowledge the general rule that "[j]udicial notice may be taken at any stage of the proceeding," Neb. Evid. R. 201(6), § 27-201(6), and we recognize that there are circumstances where an appellate court may take judicial notice of a fact for the first time on appeal. See, e.g., *Baltensperger v. United States Dept. of Ag.*, 250 Neb. 216, 220, 548 N.W.2d 733, 736 (1996) (this court took judicial notice of its records, proceedings, and judgments in prior related case where issues were "interwoven and interdependent" and controversy had been considered and determined in prior action). However, we hold that in reviewing a final decision of an administrative agency in a contested case pursuant to the Administrative Procedure Act, a court may not take judicial notice of an adjudicative fact which was not presented to the agency, because the taking of such evidence would impermissibly expand the court's statutory scope of review "de novo on the record of the agency." § 84-917(5)(a).

The arresting officer's sworn report contained in the administrative record was sufficient to establish a prima facie showing in support of revocation and shifted the burden to Wolgamott to show by a preponderance of evidence why his operator's license should not be revoked. See *McPherrin v. Conrad*, 248 Neb. 561, 537 N.W.2d 498 (1995). The record discloses that he failed to meet that burden. We conclude, therefore, that the district court did not err in refusing to take judicial

notice of the advisory form and in affirming the administrative revocation order based upon the administrative record.

We also conclude that the refusal of the Court of Appeals to take judicial notice of the advisory form was proper. Where a cause has been appealed to a higher appellate court from a district court exercising appellate jurisdiction, only issues properly presented to and passed upon by the district court may be raised on appeal to the higher court. *In re Estate of Trew*, 244 Neb. 490, 507 N.W.2d 478 (1993). See, also, *Kropf v. Kropf*, 248 Neb. 614, 538 N.W.2d 496 (1995); *Ashland State Bank v. Elkhorn Racquetball, Inc.*, 246 Neb. 411, 520 N.W.2d 189 (1994). Just as the district court was precluded by the statutory scope of review from receiving evidence which was not included in the administrative record, so, too, was the Court of Appeals.

We find no error on the part of the Court of Appeals or the district court in affirming the administrative revocation of Wolgamott's operator's license.

AFFIRMED.